# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| PEACETECH LAB, INC.,<br><br>              Plaintiff,<br><br>     v.<br><br>C5 ACCELERATE LLC, PINARD S.A.R.L., C5 HOLDINGS S.A.R.L., GROUNDTRUTH INVESTOR LLC, MR. ANDRE PIENAAR, C5 CAPITAL LTD.,<br><br>              Defendants. | C.A. No. 1:20-cv-922-JDB |

## <u>JOINT REPORT IN ACCORDANCE WITH FEDERAL RULE OF CIVIL PROCEDURE 26(f) AND LOCAL CIVIL RULE 16.3</u>

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 16, and the Court's Order for Initial Scheduling Conference (ECF No. 28), the parties have conferred and submit the following Joint Report. The respective positions of the parties are set forth under each topic listed in Local Rule 16.3 as to which the parties conferred or exchanged positions.

## <u>Statements of the Case</u>

The Court's Order for Initial Scheduling Conference (ECF No. 28) provided that "Counsel also may include in their Joint Rule 16.3 Report a brief statement of the case and any statutory basis for causes of action and defenses." The parties submit the following brief statements.

### *Plaintiff's Statement of the Case*

This is an action for breach of contract and promissory estoppel that Plaintiff PeaceTech Lab, Inc., a DC-based non-profit, brought against Mr. Andre Pienaar and five of his companies. PeaceTech is an organization dedicated to the promotion of peace around the world through the use of innovative technology. In order to further these efforts, PeaceTech entered a relationship

with Mr. Pienaar and his entity co-defendants, thinking they had found a group of valuable allies. Defendants, however, turned out to be anything but allies. Instead, they failed to follow through on their agreements and uphold the contracts they signed, and they strung PeaceTech along with false promises and assurances. In each case, it appears that Defendants' conduct was willful and subject to punitive damages.

The string of broken agreements began in 2017, when PeaceTech entered into a contract for a donation from Mr. Pienaar and his family trust, Defendant Pinard. The agreement obligated Mr. Pienaar and Pinard to make a donation of $1.5 million to PeaceTech in return for naming rights and other benefits. Defendants failed to make the contractually required donation.

Additionally, Defendant C5 Accelerate, through Mr. Pienaar, entered into another contract with PeaceTech to foster collaboration between the parties in support of a start-up accelerator program. In exchange for PeaceTech's efforts to support and grow the accelerator program, C5 Accelerate was obligated to make regular payments to PeaceTech. However, after making the first payment, Defendants failed to make any additional payments under the agreement.

Finally, Defendants C5 Capital, C5 Holdings, and GroundTruth Investor—all through Mr. Pienaar—signed documents memorializing their intent to invest in groundTruth global, Inc., a new entity that originated at PeaceTech. While PeaceTech spent money and effort building up this new entity in reliance on the promised investments, Defendants once again failed to follow through. And, rather than inform PeaceTech that such investments would not be made, Mr. Pienaar encouraged PeaceTech to continue to spend money for groundTruth with repeated assurances that the Defendants' funding was on its way and by making two small advances via Simple Agreements for Future Equity.

PeaceTech's peace-promotion efforts around the world depend on investments and support from donors and collaborators. After it became clear that Defendants would not follow through on their obligations, PeaceTech was forced to bring this action in order to recover its damages.

Defendants' counterclaims are based on factual allegations that range from mischaracterized to flat-out untrue. PeaceTech looks forward clearing its good name and proving that it was Defendants—not PeaceTech—that acted improperly.

***Defendants' Statement of the Case***

The Defendants deny the allegations Plaintiff made in its Amended Complaint, and deny that they have any liability to the Plaintiff. The Defendants further deny the Plaintiff's characterizations of facts and law.

This lawsuit began by the Plaintiff making abusive claims (such as the dismissed fraud claim) and including defendants that had no connection to the Plaintiff's asserted contractual and equitable claims.

Plaintiff's remaining claims likewise have no merit. In addition, the Plaintiff's alter ego claims are bereft of actual facts to support the claims.

It was the Plaintiff that breached the Collaboration Agreement (Plaintiff's Exhibit 2), excusing any performance by any Defendant. The purpose of the Collaboration Agreement was to support a startup company accelerator with a mission focused on facilitating innovation in peace technology (the "Program"). The Collaboration Agreement had a clear delineation of obligations between the parties. C5 Accelerate was to provide funding, as set out in the Collaboration Agreement and as agreed by the parties, to the Plaintiff. In return, the Plaintiff was obligated to support the Program in all aspects, which included recruiting entities to join the

Program. Specifically, the Collaboration Agreement obligated the Plaintiff to "use commercially reasonable efforts support Accelerator in all aspects of the Program . . . ." This included recruiting entities for the Program, helping to build relationships with innovation partners, and using its marketing channels and network to support the Program.

C5 Accelerate complied with its obligation under the Collaboration Agreement by making a payment of $160,000 in 2017.

The Plaintiff, in contrast, did not fulfill any of its obligations under the Collaboration Agreement. As one example, the Plaintiff was specifically obligated to make commercially reasonable efforts to recruit entities (meaning startups) into the Program. The Plaintiff failed to do so, and likewise failed to make commercially reasonable efforts to do so. Similarly, the Plaintiff failed to take commercially reasonable efforts with respect to its other obligations. The Plaintiff did not help to build relationships with innovation partners. The Plaintiff did not use its marketing channels and network to support the Program in a commercially reasonable manner.

Plaintiff's substantial and material breaches of the Collaboration Agreement were significant, excusing any further performance from C5 Accelerate, and form the basis of C5 Accelerate's Counterclaim. Had the Plaintiff complied with its obligations under the Collaboration Agreement, the Program would have resulted in startups providing equity for participating in the Program, resulting in substantial profits for C5 Accelerate.

The Plaintiff, along with persons affiliated with the Plaintiff, made fraudulent or negligent misrepresentations with respect to a planned transaction, resulting in substantial losses to several of the Defendants. These misrepresentations were material in that they led to the failure of the transaction, despite the substantial investments already made.

The Plaintiff is further liable for advances made to its alter ego, groundTruthglobal ("GTG"). The Defendants maintain upon information and belief that these advances were used in part or in full for expenses of the Plaintiff, especially as the Plaintiff has refused to provide sufficient information regarding executive expenses.

The Plaintiff is likewise liable under equitable claims for the money received in connection with these advances.

The Plaintiff is not entitled for any damages with respect to the Gift Agreement, which the Defendants maintain is non-binding. In addition, changed circumstances with respect to the Gift Agreement excuse any performance of the Defendants. In any event, all or a portion of the claim is time-barred.

**Local Rule 16.3 Topics**

*(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.*

The Court has already ruled on Defendants' Motion to Dismiss (ECF No. 21), which it granted in part and denied in part (ECF Nos. 25 and 26).

The parties contemplate filing summary judgment motions after the conclusion of discovery and agree that at least some of the issues in the case may be disposed of on summary judgment.

The Defendants reserve the right to bring summary judgment motions prior to the conclusion of discovery with respect to some or all of the claims.

***(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.***

<u>Plaintiff's Position</u>

Plaintiff does not anticipate further amendments of the pleadings or joinder of additional parties. Plaintiff proposes that all parties shall be joined within 60 days after the start of discovery and that the deadline to amend pleadings should remain as set in FRCP 15.

Plaintiff does not anticipate that factual or legal issues can be agreed upon or narrowed at this time, but is willing to work with Defendants in good faith.

<u>Defendants' Position</u>

Defendants propose that all parties shall be joined within 120 days after the start of discovery and that the deadline to amend pleadings should remain as set in FRCP 15.

Defendants do not anticipate that factual or legal issues can be agreed upon or narrowed at this time, but is willing to work with Plaintiff in good faith.

***(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.***

The parties decline assignment of this case to a magistrate judge.

***(4) Whether there is a realistic possibility of settling the case.***

The parties agree that there may be a realistic possibility of settling the case. The parties engaged in settlement talks previously and will continue doing so.

***(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form or ADR) or Early Neutral Evaluation.***

The parties agree that the case may benefit from some form of ADR. The parties are in the process of discussing what form that ADR should take and when it should occur.

***(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.***

Plaintiff's Position:

The Court has already ruled on Defendants' Motion to Dismiss (ECF No. 21), which it granted in part and denied in part (ECF Nos. 25 and 26).

Summary judgment may well resolve some claims, but may not resolve all of the claims at issue. Plaintiff suggests the following proposed summary judgment briefing schedule:

- Motions for summary judgment: July 26, 2021 or 45 days after close of discovery, whichever is latest.

- Opposition briefs: August 25, 2021 or 30 days after motions filed, whichever is latest.

- Reply briefs: September 8, 2021 or 14 days after opposition briefs filed, whichever is latest.

- Court's decision on motions for summary judgment: January 6, 2022 or 120 days after briefing completed, whichever is latest.

Defendants' Position

Summary judgment may well resolve all of the Plaintiff's claims.

Defendants suggest the following summary judgment briefing schedule:

- Motions for summary judgment: 60 days after close of discovery.

- Opposition briefs: 45 days after motions filed.

- Reply briefs: 21 days after opposition briefs filed.

- Court's decision dependent upon the Court.

***(7) Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(s)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form, or timing of those disclosures.***

The parties do not stipulate to dispense with the initial disclosure requirement, and do not propose any changes should be made to the scope, form, or timing of those disclosures.

***(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.***

Plaintiff's Position:

Plaintiff proposes a discovery period of 120 days from submission of this Joint Statement—i.e., until June 11, 2021. Using that discovery period and the dates Plaintiff proposed above would yield a schedule as follows:

| Event | Date |
| --- | --- |
| Submission of Joint Scheduling Report | February 11, 2021 |
| Initial Scheduling Conference | March 10, 2021 at 9:30 a.m. |
| Close of discovery | June 11, 2021 |
| Motions for summary judgment | July 26, 2021 |
| Summary judgment opposition briefs | August 25, 2021 |
| Summary judgment reply briefs | September 8, 2021 |
| Proposed date for Court's decision on motions for summary judgment | January 6, 2022 |

Plaintiff anticipates that document productions will be necessary to resolve the three key issues in this case: (1) the breach of the Gift Agreement between Plaintiff and Defendants Pinard S.a.r.l. and Mr. Andre Pienaar; (2) the breach of the Collaboration Agreement between Plaintiff

8

and Defendant C5 Accelerate; and (3) the groundTruth investment. Similar discovery will likely also be warranted with respect to Defendants' counterclaims. The events surrounding these issues transpired between 2016 and 2019, and the key documents will consist of communications and documents already shared between the parties. Plaintiff also anticipates serving written discovery requests on Defendants and conducting a limited number of depositions.

Plaintiff does not request that any limits be placed on discovery at this time, beyond the limits set by the Federal Rules of Civil Procedure and Local Rules.

Plaintiff will discuss stipulating to a protective order with Defendants, should the parties determine that such an order would be appropriate.

Defendants' Position:

Defendants propose a discovery period of 10 months from submission of this Joint Statement—i.e., until December 13, 2021. Using that discovery period and the dates Defendants proposed above would yield a schedule as follows:

| Event | Date |
| --- | --- |
| Submission of Joint Scheduling Report | February 11, 2021 |
| Initial Scheduling Conference | March 10, 2021 at 9:30 a.m. |
| Close of discovery | December 13, 2021 |
| Motions for summary judgment | 60 days after close of discovery |
| Summary judgment opposition briefs | 45 days after submission of motions |
| Summary judgment reply briefs | 21 days after opposition briefs |

Defendants anticipate that document productions will be necessary to resolve the three key issues in this case: (1) the nature of the Gift Agreement between Plaintiff Pinard S.a.r.l. and all topics related thereto; (2) the nature of the Collaboration Agreement between Plaintiff and C5

9

Accelerate and all topics related thereto including especially the Plaintiff's breach of that agreement; (3) the breach of the SAFE advances by Plaintiff as alter ego; (4) Plaintiff's fraudulent or negligent representations in connected with the potential groundTruth investment; (5) Defendants' quantum meruit and unjust enrichment claim; and (6) the requested accounting by Defendants. The Defendants intend to seek discovery not only from the Plaintiff, but also from third party entities and persons. This discovery must by its nature take place in stages, necessitating the 10-month time frame.

Defendants do not request that any limits be placed on discovery at this time, beyond the limits set by the Federal Rules of Civil Procedure and Local Rules.

Any confidentiality or related issues will be agreed by the parties where possible and, failing that, the parties will request protective orders from the Court.

***(9) Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.***

The parties do not anticipate any issues regarding disclosure, discovery, or preservation of electronically stored information.

***(10) Any issues about claims of privilege or of protection as trial-preparation materials, including- if the parties agree on a procedure to assert these claims after production- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.***

The parties do not anticipate any issues regarding privilege.

***(11) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.***

The parties do not anticipate submitting any expert witness reports, but agree that should either side decide to call an expert witness in the course of discovery, Federal Rule of Civil Procedure 26(a)(2) should apply.

**(12) In class actions, appropriate procedures for dealing with Rule 23.**

The parties agree that Rule 23 regarding class actions does not apply to this case.

**(13) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The parties agree there is no need for bifurcation or management of discovery or the trial in phases.

**(14) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

Plaintiff's Position:

The date for the pretrial conference should be set for 30 days after the deadline for filing motions for summary judgment elapses and no motions are filed, or 30 days after the Court rules on all pending motions for summary judgment, whichever is latest.

Defendants' Position:

The Court should set the date for the pretrial conference after the deadline for filing motions for summary judgment elapses and no motions are filed, or after the Court rules on all pending motions for summary judgment.

**(15) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties agree that the Court should set a trial date at the pretrial conference.

**(16) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

Plaintiff's Position:

Plaintiff requests that the Court determine that all depositions in this case be done remotely, via a technology of the parties' choosing.

Defendants' Position:

The Defendants intend to work with the Plaintiff with respect to remote scheduling in connection with the depositions. But the Defendants do not believe that a blanket and indefinite order at this time for remote depositions is appropriate given the uncertain nature of the pandemic. The Defendants refer to Standing Order No. 20-92 (BAH) and § 15002(b)(3)(A) of the CARES Act regarding the time horizon this Court uses with respect to video conferencing.

Dated: February 11, 2021

| STEPTOE & JOHNSON | COVINGTON & BURLING LLP |
|---|---|
| By: */s/ Edward Baldwin*<br>Steven Davidson<br>Edward Baldwin (No. 973850)<br>1330 Connecticut Avenue NW<br>Washington, DC 20036<br>Tel: (202) 429-3000<br>Fax: (202) 429-3902<br><br>*Attorneys for Defendants C5 Accelerate LLC, Pinard s.a.r.l., C5 Holdings s.a.r.l., GroundTruth Investor LLC, Andre Pienaar, and C5 Capital Ltd.* | By: */s/ Matthew V. Miller*<br>Benjamin J. Razi (No. 475946)<br>Matthew V. Miller (No. 1614900)<br>Maura Sokol (*pro hac vice*)<br>850 Tenth Street, NW<br>Washington, DC 20001<br>Telephone: (202) 662-5463<br>brazi@cov.com<br>msokol@cov.com<br><br>*Attorneys for Plaintiff PeaceTech Lab, Inc.* |