## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| PEACETECH LAB, INC., | |
| Plaintiff, | |
| v. | C.A. No. 1:20-cv-922-JDB |
| C5 ACCELERATE LLC, PINARD S.A.R.L., C5 HOLDINGS S.A.R.L., GROUNDTRUTH INVESTOR LLC, MR. ANDRE PIENAAR, C5 CAPITAL LTD., | JURY TRIAL DEMANDED |
| Defendants. | |

## PEACETECH'S ANSWER TO DEFENDANTS' COUNTERCLAIMS AND DEMAND FOR JURY TRIAL

Plaintiff PeaceTech Lab, Inc. ("PeaceTech"), by and through its undersigned counsel, hereby Answers the Counterclaims made by Defendants C5 Accelerate LLC ("C5 Accelerate"), Pinard s.a.r.l. ("Pinard"), C5 Holdings s.a.r.l. ("C5 Holdings"), GroundTruth Investor LLC (GTI), Mr. Andre Pienaar, and C5 Capital Ltd. ("C5 Capital").

PeaceTech, a non-profit with a mission to enable local peacebuilders to counter violence and promote peace with technology tools and training, brought this action in order to recover over $2.5 million that Defendants owe to it based on agreements they signed with PeaceTech. Mr. Pienaar, a wealthy businessman, and his entity co-defendants, repeatedly signed agreements with PeaceTech and then failed to make good on those agreements. Instead, Defendants strung PeaceTech along with false promises they had no intention of keeping. In order to recover the funds PeaceTech is owed, which are crucial to its mission, PeaceTech was forced to bring this action for breach of contract and promissory estoppel.

PeaceTech now emphatically denies Defendants' allegations in their counterclaims, which are based on mischaracterizations and falsehoods and are an attempt to shift the focus from Defendants' own misdeeds.

## DEFENDANTS' COUNTERCLAIMS

188.    No response needed.

189.    Denied.

## COLLABORATION AGREEMENT

190.    PeaceTech admits that Defendants made investments in the Accelerator Program. PeaceTech denies the remaining allegations of Paragraph 190, including the allegation that C5's investment totaled approximately $5 million.

191.    PeaceTech admits that C5 Accelerate entered into a Collaboration Agreement with PeaceTech, and that the terms of the Collaboration Agreement speak for themselves.

192.    The terms of the Collaboration Agreement speak for themselves.  To the extent that a further response is required, PeaceTech denies the remaining allegations of Paragraph 192.

193.    The terms of the Collaboration Agreement speak for themselves.  To the extent that a further response is required, PeaceTech denies the remaining allegations of Paragraph 193.

194.    The terms of the Collaboration Agreement speak for themselves.  To the extent that a further response is required, PeaceTech denies the remaining allegations of Paragraph 194.

195.    The terms of the Collaboration Agreement speak for themselves.  To the extent that a further response is required, PeaceTech denies the remaining allegations of Paragraph 195.

196.    PeaceTech admits that Mr. Pienaar was elected to its Board of Directors. PeaceTech denies the remaining allegations of Paragraph 196.

197.    PeaceTech is without knowledge or information sufficient to form a belief as to the truth of the quoted material in Paragraph 197 as Defendants do not provide references for those quotes, and therefore those allegations are denied.  PeaceTech denies the remaining allegations of Paragraph 197.

198.    PeaceTech admits that C5 Accelerate made a payment under the Collaboration Agreement of $160,000 in 2017 after the payment was due.  That payment was the first of multiple payments required under the agreement.  PeaceTech denies the remaining allegations in Paragraph 198.

199.    PeaceTech admits that it entered into the Collaboration Agreement, the terms of which speak for themselves.  By way of further response, PeaceTech states that it met and in fact exceeded its obligations under the Collaboration Agreement.  PeaceTech denies the remaining allegations of Paragraph 199.

200.    Denied.

201.    Denied.

202.    Denied.

203.    Denied.

204.    Denied.

205.    Denied.

206.    Denied.

207.    Denied.

208.    PeaceTech admits that Mr. Pienaar was a board member of PeaceTech and that Sheldon Himelfarb is the CEO of PeaceTech.  PeaceTech denies the remaining allegations of Paragraph 208.

209.    Denied.

210.    PeaceTech is without knowledge or information sufficient as to the allegations in Paragraph 210 regarding Mr. Pienaar's sentiments, and therefore those allegations are denied. PeaceTech denies the remaining allegations of Paragraph 210.

211.    Denied.

212.    PeaceTech admits that the board removed Mr. Pienaar through procedures consistent with PeaceTech's bylaws.  PeaceTech denies the remaining allegations of Paragraph 212.

213.    Denied.

214.    PeaceTech admits that Mr. Pienaar was excluded from the board meeting at which he was removed from the board, under procedures consistent with the PeaceTech's bylaws. PeaceTech denies the remaining allegations of Paragraph 214.

215.    PeaceTech is without sufficient knowledge or information to admit or deny the quoted language in Paragraph 215, as Defendants have not referenced or attached the purportedly quoted document, and therefore those allegations are denied.  PeaceTech denies the remaining allegations of Paragraph 215.

216.    Admitted.

217.    PeaceTech admits that the U.S. Institute of Peace ("USIP") receives federal funding.  PeaceTech denies the remaining allegations of Paragraph 217.

218.    Denied.

219.    Denied.

220.    PeaceTech admits that C5 Accelerate failed to make any payments under the Collaboration Agreement after the tardy payment of $160,000 in 2017.  PeaceTech denies the remaining allegations of Paragraph 220

221.    PeaceTech admits that it entered into the Collaboration Agreement and that the terms of that document speak for themselves.  PeaceTech denies the remaining allegations or Paragraph 221.

222.    Denied.

223.    Denied.

224.    Denied.

<u>SAFE ADVANCES</u>

225.    PeaceTech admits that it entered into an investment term sheet ("Term Sheet"), the terms of which speak for themselves.  To the extent a further response is required, PeaceTech denies the allegations in Paragraph 225.

226.    Denied.

227.    The terms of the Term Sheet speak for themselves.  To the extent that a further response is required, PeaceTech denies the allegations in Paragraph 227.

228.    Denied.

229.    The terms of the Term Sheet speak for themselves.  To the extent that a further response is required, PeaceTech denies the allegations in Paragraph 229.

230.    Paragraph 230 purports to explain the reasons for C5 Capital's actions, and no response is required.  To the extent a response is required, PeaceTech denies the allegations in Paragraph 230.

231.   PeaceTech is without sufficient knowledge or information as to the allegations regarding the concerns of C5 Capital, and therefore those allegations are denied.  PeaceTech denies the remaining allegations in Paragraph 231.

232.   Denied.

233.   Denied.

234.   PeaceTech is without knowledge or information sufficient to form a belief as to the truth of the quoted material in Paragraph 234 as Defendants do not provide specific references for those quotes, and therefore those allegations are denied.   PeaceTech denies the remaining allegations in Paragraph 234.

235.   PeaceTech denies that such representations were made at PeaceTech's board meeting on July 11, 2018.   PeaceTech admits that it correctly informed Defendants that no government funding was involved in the development of groundTruth global's intellectual property.    To the extent that a further response is required, PeaceTech denies the remaining allegations in Paragraph 235.

236.   Denied.

237.   Denied.

238.   Denied.

239.   Denied.

240.   Denied.

241.   Denied.

242.   Denied.

243.   PeaceTech is without sufficient knowledge or information as to the characterization of the document referred to in Paragraph 243, as Defendants have not provided any specific

reference to this document, and therefore PeaceTech denies those allegations.  PeaceTech denies the remaining allegations in Paragraph 243.

244.    Denied.

245.    Denied.

246.    Denied.

247.    Denied.

248.    Denied.

249.    PeaceTech admits that it continuously and correctly maintained that the Department of Defense did not fund the development of groundTruth global's intellectual property.  PeaceTech denies the remaining allegations in Paragraph 249.

250.    PeaceTech admits that C5 Accelerate provided a SAFE advance to groundTruth global of $150,000 in July 2018, and that PeaceTech correctly maintained that the Department of Defense did not fund the development of groundTruth global's intellectual property.  PeaceTech denies the remaining allegations in Paragraph 250.

251.    PeaceTech admits that C5 Holdings provided a SAFE advance to groundTruth global of $150,000 in August 2018, and that PeaceTech correctly maintained that the Department of Defense did not fund the development of groundTruth global's intellectual property.  PeaceTech denies the remaining allegations in Paragraph 251.

252.    Denied.

253.    Denied.

254.    Denied.

255.    Denied.

256.   PeaceTech admits that information was provided regarding the use of the SAFE advances of $300,000.  PeaceTech denies the remaining allegations in Paragraph 256.

257.   PeaceTech is without knowledge or information sufficient to form a belief as to the truth of the quoted material in Paragraph 257 as Defendants do not provide references for those quotes, and therefore those allegations are denied.  PeaceTech denies the remaining allegations of Paragraph 257.

258.   PeaceTech is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 258 as Defendants do not specify the reference to "executive expenses." Therefore, PeaceTech denies the allegations in Paragraph 258.

## ANSWER TO COUNT ONE

259.   PeaceTech incorporates and restates by reference the foregoing responses to Defendants' counterclaims and the allegations made in its Amended Complaint (ECF No. 20), inclusive, as if they were fully set forth herein.

260.   Paragraph 260 contains a legal assertion to which no response is required.  To the extent that a response is deemed required, PeaceTech denies the allegations in Paragraph 260.

261.   Paragraph 261 contains a legal assertion to which no response is required.  To the extent that a response is deemed required, PeaceTech denies the allegations in Paragraph 261.

262.   Denied.

263.   Denied.

264.   Denied.

265.   Paragraph 265 purports to summarize relief sought by C5 Accelerate, and no response is required.  To the extent that a response is deemed required, PeaceTech denies the

allegations in Paragraph 265 and specifically denies that C5 Accelerate is entitled to any relief at all.

## ANSWER TO COUNT TWO

266.    PeaceTech incorporates and restates by reference the foregoing responses to Defendants' counterclaims and the allegations made in its Amended Complaint (ECF No. 20), inclusive, as if they were fully set forth herein.

267.    PeaceTech admits that C5 Accelerate provided a SAFE advance of $150,000 to groundTruth global.  PeaceTech denies the remaining allegations in Paragraph 267.

268.    PeaceTech admits that C5 Holdings provided a SAFE advance of $150,000 to groundTruth global.  PeaceTech denies the remaining allegations in Paragraph 268.

269.    PeaceTech denies that it is under any obligation to repay the SAFE advance payments made to groundTruth global.

270.    Denied.

271.    Denied.

272.    Denied.

273.    Paragraph 273 contains a legal assertion to which no response is required.  To the extent that a response is deemed required, PeaceTech denies the allegations in Paragraph 273.

274.    Denied.

275.    Denied.

276.    Denied.

277.    Denied.

278.    Denied.

279.    Denied.

280.    Denied.

281.    Denied.

282.    Paragraph 282 contains a legal assertion to which no response is required.  To the extent that a response is deemed required, PeaceTech denies the allegations in Paragraph 282.

283.    Denied.

## ANSWER TO COUNT THREE

284.    PeaceTech incorporates and restates by reference the foregoing responses to Defendants' counterclaims and the allegations made in its Amended Complaint (ECF No. 20), inclusive, as if they were fully set forth herein.

285.    Denied.

286.    Denied.

287.    Denied.

288.    Denied.

289.    The terms of the Term Sheet speak for themselves.  To the extent that a further response is required, PeaceTech denies the remaining allegations in Paragraph 289.

290.    Denied.

291.    Denied.

292.    PeaceTech is without knowledge or information sufficient as to the allegations in Paragraph 292, which purport to characterize the motivations of Defendants.  To the extent that a further response is required, PeaceTech denies the remaining allegations in Paragraph 292.

293.    Denied.

294.    Denied.

295.    Denied.

296.    Denied.

297.    Denied.

298.    Paragraph 298 purports to summarize relief sought by C5 Capital, and no response is required.  Furthermore, the terms of the Term Sheet speak for themselves.  To the extent that a response is deemed required, PeaceTech denies the allegations in Paragraph 298 and specifically denies that C5 Capital is entitled to any relief at all.

299.    Paragraph 299 contains a legal assertion to which no response is required.  To the extent that a response is deemed required, PeaceTech denies the allegations in Paragraph 299.

## ANSWER TO COUNT FOUR

300.    PeaceTech incorporates and restates by reference the foregoing responses to Defendants' counterclaims and the allegations made in its Amended Complaint (ECF No. 20), inclusive, as if they were fully set forth herein.

301.    Denied.

302.    Denied.

303.    Denied.

304.    Denied.

305.    Paragraph 305 purports to summarize relief sought by C5 Capital, and no response is required.  To the extent that a response is deemed required, PeaceTech denies the allegations in Paragraph 305 and specifically denies that C5 Capital is entitled to any relief at all.

## ANSWER TO COUNT FIVE

306.    PeaceTech incorporates and restates by reference the foregoing responses to Defendants' counterclaims, inclusive and the allegations made in its Amended Complaint (ECF No. 20), as if they were fully set forth herein.

307.    PeaceTech admits that C5 Accelerate provided a SAFE advance of $150,000 to groundTruth global.  PeaceTech denies the remaining allegations in Paragraph 307.

308.    PeaceTech admits that C5 Holdings provided a SAFE advance of $150,000 to groundTruth global.  PeaceTech denies the remaining allegations in Paragraph 308.

309.    Denied.

310.    PeaceTech denies that it is under any obligation to repay the SAFE advance payments made to groundTruth global.

311.    Denied.

312.    Paragraph 312 purports to summarize relief sought by C5 Accelerate and C5 Holdings, and no response is required.   To the extent that a response is deemed required, PeaceTech denies the allegations in Paragraph 312 and specifically denies that C5 Accelerate and C5 Holdings are entitled to any relief at all.

## ANSWER TO COUNT SIX

313.    PeaceTech incorporates and restates by reference the foregoing responses to Defendants' counterclaims, inclusive and the allegations made in its Amended Complaint (ECF No. 20), as if they were fully set forth herein.

314.    Denied.

315.    Denied.

316.    Denied.

317.    Denied.

318.    Paragraph 318 contains a legal assertion to which no response is required.  To the extent that a response is deemed required, PeaceTech denies the allegations in Paragraph 318.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense — Failure to State a Claim

319.    Defendants have failed to state a claim upon which relief can be granted for breach of contract, fraudulent representation, negligent representation, unjust enrichment, or accounting.

### Second Affirmative Defense — Estoppel

320.    Defendants' breach of contract claims are barred under the doctrine of estoppel because Defendants failed to comply with their obligations under the agreements to provide payments to PeaceTech.

### Third Affirmative Defense — Defendants' Breach

321.    Defendants' claims of breach of contract and breach of the Collaboration Agreement are barred because Defendants breached agreements, including by failing to make required payments.

### Fourth Affirmative Defense — Frustration of Purpose

322.    Defendants' claims are barred because they frustrated the purpose of the Collaboration Agreement, to support the Accelerator Program, and of the SAFE Agreements, to provide funding so that groundTruth global could continue its operations.

### Fifth Affirmative Defense — Prevention of Performance

323.    Defendants' claims are barred because they prevented performance under the Collaboration Agreement, by failing to support the Accelerator Program, and the SAFE Agreements and Term Sheet and closing documents, by causing the demise of groundTruth global.

<u>Sixth Affirmative Defense — Fraud</u>

324.    Defendants' claims are barred because Defendants committed fraud against PeaceTech related to the groundTruth global investment and Collaboration Agreement, including by misrepresenting their intention to close on their investment and to make required payments.

<u>Seventh Affirmative Defense — Fraud in the Inducement</u>

325.    Defendants' claims are barred because Defendants' fraudulent misrepresentations induced PeaceTech to enter into the Collaboration Agreement.   Defendant's fraudulent misrepresentations also induced groundTruth global to enter into the SAFE Agreements.

<u>Eighth Affirmative Defense — Failure to Mitigate Damages</u>

326.    Defendants failed to mitigate damages, to the extent any damages are due, which is denied.

<u>Ninth Affirmative Defense — Laches</u>

327.    Defendants' claims are barred because Defendants unreasonably delayed in bringing such claims against PeaceTech.[1]

<u>Tenth Affirmative Defense — Unclean Hands</u>

328.    Defendants' claims are barred because Defendants engaged in fraud and bad faith, and thus Defendants have unclean hands.

<u>Eleventh Affirmative Defense — Statute of Limitations</u>

329.    Defendants' claims are barred under the applicable statute of limitations.[2]

---

[1] PeaceTech maintains that the doctrine of laches does not bar its claims against Defendants; however, to the extent this Court should find that the doctrine of laches bars any of PeaceTech's claims, it also bars Defendants' related claims.

[2] PeaceTech maintains that no statute of limitations bars its claims against Defendants; however, to the extent this Court should find that a statute of limitations bars any of PeaceTech's claims, it also bars Defendants' related claims.

Twelfth Affirmative Defense — Quantum Meruit and Unjust Enrichment

330.    Defendants' claims under the Collaboration Agreement are barred because, upon information and belief, Defendants were unjustly enriched through securities payments by entities in the Accelerator Program and have failed to compensate PeaceTech for PeaceTech's share in such securities.

Thirteenth Affirmative Defense — Failure of Condition Precedent

331.    Defendants' breach of contract claims are barred for failure to comply with a condition precedent of the Collaboration Agreement and SAFE Agreements.

Fourteenth Affirmative Defense — Failure to Act in a Commercially Reasonable Manner

332.    Defendants' claims are barred because they failed to act in a commercially reasonable manner in their business dealings with PeaceTech, which are the subject of their claims.

Fifteenth Affirmative Defense — Failure to Perform

333.    Defendants' claims are barred because they failed to perform under the Collaboration Agreement and the Term Sheet and closing documents for the groundTruth global investment.

* * *

PeaceTech reserves the right to assert, and hereby gives notice that it intends to rely upon, any other defense that may become available or appear during discovery proceedings or otherwise in this case and hereby reserves the right to amend their Answer to assert any such defense.

**RELIEF SOUGHT**

In response to the "Relief Sought" contained in the unnumbered paragraph following paragraph 318 of Defendant's Answer and Counterclaims, PeaceTech denies that Defendants are

entitled to any relief in this action and deny all liability and allegations of misconduct alleged under "Relief Sought."

WHEREFORE, PeaceTech respectfully requests an order as follows:

a.     That this Court grant the Prayer for Relief set forth in PeaceTech's Amended Complaint (ECF 20), which PeaceTech incorporates and restates by reference;

b.     That this Court find that PeaceTech did not breach the Collaboration Agreement and Defendants are not entitled to damages of any amount;

c.     That this Court find that PeaceTech did not breach the SAFE Agreements, and Defendants are not entitled to damages of any amount;

d.     That this Court find that PeaceTech did not make fraudulent representations, and Defendants are not entitled to damages of any amount;

e.     That this Court find that PeaceTech did not make negligent representations, and Defendants are not entitled to damages of any amount;

f.     That this Court find that PeaceTech was not unjustly enriched, and Defendants are not entitled to damages of any amount;

g.     That this Court find that PeaceTech is not liable to provide an accounting of funds provided by C5 Accelerate or any other C5 entities;

h.     For PeaceTech's costs of suit and attorneys' fees;

i.     For such other relief as is just and proper, as this Court may allow and so rule.

## **JURY TRIAL DEMAND**

PeaceTech demands a trial by jury of all issues so triable pursuant to Rule 38 of the

Federal Rules of Civil Procedure.

Dated: February 16, 2021          COVINGTON & BURLING LLP

By:     */s/ Matthew V. Miller*
         Benjamin J. Razi (No. 475946)
         Matthew V. Miller (No. 1614900)
         Maura Sokol (*pro hac vice*)
         850 Tenth Street, NW
         Washington, DC 20001
         Telephone: (202) 662-5463
         brazi@cov.com
         mmiller@cov.com
         msokol@cov.com

         *Attorneys for Plaintiff*
         *PeaceTech Lab, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on February 16, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.


By:     /s/ *Matthew V. Miller*