## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PEACETECH LAB, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 1:20-cv-922-JDB |
| | ) | |
| C5 ACCELERATE LLC, PINARD | ) | |
| S.A.R.L., C5 HOLDINGS S.A.R.L., | ) | |
| GROUNDTRUTH INVESTOR LLC, MR. | ) | |
| ANDRE PIENAAR, | ) | |
| C5 CAPITAL LTD. | ) | |
| | ) | |
| Defendants. | ) | |

## PEACETECH'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO ENFORCE SETTLEMENT AGREEMENT

## **TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND.................................................................. 2

    A.   PeaceTech ............................................................................................................ 2

    B.   Defendants Breached Three Agreements with PeaceTech Leading to This Litigation ...... 2

    C.   This Litigation and the Parties' Settlement Agreement ........................................ 4

    D.   Defendants Immediately Breached the Settlement Agreement ............................ 5

    E.   The Court Dismissed the Case and Retained Jurisdiction .................................. 7

    F.   Defendants Breached the Settlement Agreement Again....................................... 8

LEGAL STANDARD............................................................................................................ 9

LAW AND ARGUMENT ...................................................................................................... 10

    A.   The Court Should Order Defendants Pienaar and Pinard to Make the Overdue
        $750,000 Payment ............................................................................................. 11

    B.   The Court Should Order Defendants to Pay the Interest Owed......................... 12

    C.   The Court Should Order Defendants to Pay PeaceTech's Fees and Costs Incurred
        Due to Defendants' Breaches ........................................................................... 14

    D.   The Court Should Order Defendants to Meet Their Other Obligations Under
        the Agreement................................................................................................... 16

    E.   The Court Should Order Any Other Sanction Against Defendants or Relief that
        the Court Deems Proper.................................................................................... 16

CONCLUSION.................................................................................................................... 17

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*,
    421 U.S. 240 (1975)...................................................................................................14

*Am. Hosp. Ass'n v. Sullivan*,
    938 F.2d 216 (D.C. Cir. 1991) ................................................................................15

*Autera v. Robinson*,
    419 F.2d 1197 (D.C. Cir. 1969) .................................................................................9

*Blackstone v. Brink*,
    63 F. Supp. 3d 68 (D.D.C. 2014) .........................................................................9, 10

*Demissie v. Starbucks Corp. Off. & Headquarters*,
    118 F. Supp. 3d 29 (D.D.C. 2015) .............................................................................9

*Eastbanc, Inc. v. Georgetown Park Assocs. II, L.P.*,
    940 A.2d 996 (D.C. 2008) ......................................................................................10

*Embassy of Federal Republic of Nigeria v. Ugwuonye*,
    297 F.R.D. 4 (D.D.C. 2013).....................................................................................13

*Fitzgerald v. Hampton*,
    545 F. Supp. 53 (D.D.C. 1982) ...............................................................................15

*Franklin v. Kelly*,
    No. 90-3124 (SS), 1992 WL 276949 (D.D.C. Sept. 24, 1992)...............................10

*Hall v. George Washington Univ.*,
    No. Civ.A. 99-1136 (RMU), 2005 WL 1378761 (D.D.C. May 13, 2005) .........9, 10

*Hutto v. Finney*,
    437 U.S. 678 (1978)................................................................................................15

*In re Jumper*,
    984 A.2d 1232 (D.C. 2009) .....................................................................................14

*Jung v. Jung*,
    844 A.2d 1099 (D.C. 2004) .....................................................................................14

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
    511 U.S. 375 (1994)............................................................................................9, 10

*Moore v. Permanente Med. Grp., Inc.*,
  981 F.2d 443 (9th Cir. 1992) ................................................................14

*Nest & Totah Venture, LLC v. Deutsch*,
  31 A.3d 1211 (D.C. 2011) ....................................................................14

*Psaromatis v. Eng. Holdings I, L.L.C.*,
  944 A.2d 472 (D.C. 2008) ....................................................................14

*Quijano v. Eagle Maint. Servs., Inc.*,
  952 F. Supp. 1 (D.D.C. 1997) ............................................................9, 10

*Samra v. Saheen Bus. & Inv. Grp., Inc.*,
  355 F. Supp. 2d 483 (D.D.C. 2005) ........................................................9

*Saxon v. Zirkle*,
  97 A.3d 568 (D.C. 2014) ......................................................................15

*Simms v. Ball St. Ventures, LLC*,
  616 F. Supp. 2d 5 (D.D.C. 2009) ...........................................................9

*Synanon Found., Inc. v. Bernstein*,
  517 A.2d 28 (D.C. 1986) ......................................................................14

*T St. Dev., LLC v. Dereje & Dereje*,
  586 F.3d 6 (D.C. Cir. 2009) ................................................................9, 10

*Ulliman Schutte Constr., LLC v. Emerson Process Mgmt. Power & Water
  Solutions*,
  No. 02–1987, 2007 WL 1794105 (D.D.C. June 19, 2007) ........................9

*Wilcox v. Sisson*,
  No. Civ.A. 02-1455(RMC), 2006 WL 1443981 (D.D.C. May 25, 2006) ..............14

**Statutes**

D.C. Code § 28-3302 ...............................................................................12

Plaintiff PeaceTech Lab, Inc. ("PeaceTech"), by its undersigned counsel, respectfully submits this Memorandum in Support of Its Motion to Enforce Settlement Agreement against Defendants C5 Accelerate LLC ("C5 Accelerate"), Pinard S.a.r.l. ("Pinard"), C5 Holdings S.a.r.l. ("C5 Holdings"), GroundTruth Investor LLC ("GTI"), C5 Capital Ltd. ("C5 Capital"), and Andre Pienaar (collectively, the "Defendants").

## INTRODUCTION

Since 2017, Defendants have breached a series of binding obligations to PeaceTech, culminating, most recently, with significant ongoing breaches of the Parties' Settlement Agreement in this litigation. The first several breaches precipitated the Complaint in this case, which PeaceTech filed in April 2020. On July 21, 2021, the Parties executed a Settlement Agreement under which Defendants agreed, among other things, (1) to pay $450,000 to PeaceTech and (2) to pay $1,500,000 in two installments to non-party the United States Institute for Peace ("USIP") or to PeaceTech if USIP would not accept the payments.

Within 48 hours of signing the Settlement Agreement, Defendants breached it. Defendants' first payment under the Settlement Agreement was due within 48 hours of signing. Defendants, however, did not complete that payment until 19 days after signing the Settlement Agreement. Defendants' next payment was due on September 19, 2021. As of the date of this Motion, Defendants have made no portion of that payment. When the Parties met and conferred regarding Defendants' breaches and this Motion, Defendants would not agree to any date certain for making the outstanding second payment and would not agree to pay any interest on the late payments.

To remedy Defendants' breaches of the Settlement Agreement and to prevent further breaches, PeaceTech submits the attached Motion. Specifically, PeaceTech respectfully requests that the Court grant PeaceTech's Motion to Enforce Settlement Agreement and order:

1

1.      That, within 48 hours of the Court issuing its Order, Defendants Pinard and Mr. Pienaar pay to the USIP or PeaceTech the outstanding amount of $750,000 that is overdue under Defendants' Settlement Agreement with PeaceTech;

2.      that, within 48 hours of the Court issuing its Order, Defendants pay to PeaceTech (a) the interest owed on the previously overdue payment of $450,000 and (b) the interest owed on the currently overdue payment of $750,000;

3.      that Defendants pay to PeaceTech the fees and costs incurred due to Defendants' breaches of the Settlement Agreement;

4.      that Defendants meet their other obligations under the Settlement Agreement, including that Defendants make the third payment due under the Settlement Agreement on time and in full by the date that it is due, December 31, 2021; and

5.      any other sanction against Defendants or relief that the Court deems proper.

## FACTUAL AND PROCEDURAL BACKGROUND

### A.      PeaceTech

PeaceTech is a small, 501(c)(3)-registered non-profit headquartered in Washington, D.C. Ex. A, Declaration of Sheldon Himelfarb ("Himelfarb Decl.") at ¶ 3. Its mission is to promote peace around the world through technology. *Id.* PeaceTech relies on grants and contributions for the vast majority of its budget. *Id.* In 2019, the year of PeaceTech's most recently filed tax return, its total expenditures were $2.2 million. *Id.*

### B.      Defendants Breached Three Agreements with PeaceTech Leading to This Litigation

When PeaceTech began its relationship with Mr. Pienaar and his companies—the Defendants—PeaceTech thought that it had found valuable allies for its important mission. Ex. A,

Himelfarb Decl. at ¶ 5. Defendants turned out to be anything but that. The underlying litigation here arises from Defendants' breaches of three agreements with PeaceTech:

1. In 2017, Defendant Mr. Pienaar and his family trust, Defendant Pinard, pledged $1.5 million to PeaceTech in exchange for naming rights. Defendants did not pay any portion of that $1.5 million. *Id.* at ¶ 6; *see also* ECF No. 20, First Amended Complaint at ¶¶ 32, 46, 66–71.

2. Later in 2017, Defendant Mr. Pienaar and his company Defendant C5 Accelerate contracted with PeaceTech to collaborate on a start-up accelerator program. The contract required C5 Accelerate to make a series of payments to PeaceTech to support the program, and it required C5 Accelerate to give to PeaceTech securities in entities developed in the program. Defendants made no payments after the first payment and failed to provide any of the required securities. Ex. A, Himelfarb Decl. at ¶ 7; *see also* ECF No. 20 at ¶¶ 72–80, 147.

3. In 2018, Mr. Pienaar and his company Defendant C5 Capital signed a Term Sheet and closing documents to invest $3 million in a new technology product that PeaceTech was developing called groundTruth. Defendants made two advances totaling $300,000 toward the agreed-upon $3 million investment but otherwise did not fulfill their obligations, forcing groundTruth to cease operations. Ex. A, Himelfarb Decl. at ¶ 8; *see also* ECF No. 20 at ¶¶ 81–112.

Over the next two years, PeaceTech and Defendants attempted to negotiate a resolution related to the breaches described above. Ex. A, Himelfarb Decl. at ¶ 9. When these attempts did not succeed, PeaceTech filed this case. *Id.*

### C.       This Litigation and the Parties' Settlement Agreement

In April 2020, PeaceTech filed its Complaint in this case. ECF No. 1. After Defendants moved to dismiss, PeaceTech filed an Amended Complaint in August 2020. ECF No. 20. Defendants' filed a new Motion to Dismiss, which the Court granted in part and denied in part. *See* ECF Nos. 25 and 26. In January 2021, Defendants filed an Answer and Counterclaims. ECF No. 27.

In July 2021, the Parties reached a Settlement Agreement for all claims at issue in this litigation. *See* Ex. C, Settlement Agreement at 7–10.[1] All Parties signed the Settlement Agreement on July 20, 2021, except for one of the Defendants, which signed on July 21, 2021. *Id.* Defendant Mr. Pienaar signed on behalf of each Defendant.[2] *Id.* at 7–9.

The Settlement Agreement requires Defendants to make three payments totaling $1.95 million to PeaceTech and to non-Party USIP[3]:

1.       Within 48 hours of the last Party signing the Settlement Agreement (*i.e.*, by July 23, 2021), Defendant C5 Accelerate was required to pay PeaceTech $450,000 by wire/ACH. Ex. C, Settlement Agreement at 2.

2.       Within 60 days of the last Party signing the Settlement Agreement (*i.e.*, by September 19, 2021), Mr. Pienaar was required to pay non-party USIP $750,000 by wire/ACH and to notify PeaceTech when he made the payment. *Id.*

---

[1] Because the Parties executed the Settlement Agreement in multiple counterparts, Exhibit C includes multiple signature pages. Therefore, page number references to the Settlement Agreement herein refer to the pages of the combined document, starting with the slip sheet as page 1, rather than the page numbers on the bottom of each page of the Agreement.

[2] In addition to Mr. Pienaar, one other person also signed on behalf of Defendant C5 Holdings S.a.r.l.

[3] PeaceTech was created by USIP in 2014 as an innovative non-profit organization. Ex. A, Himelfarb Decl. at ¶ 4. PeaceTech continues to work out of USIP's building and retains some formal links to USIP. *Id.*

3.      The Settlement Agreement also requires Mr. Pienaar to make another payment of $750,000 to USIP by December 31, 2021 and to notify PeaceTech of that payment. *Id.*

The Parties agreed that "Defendants shall place no limitations or restrictions on the $1,500,000 payments to USIP under this Agreement," and that, if "USIP declines any part of the Settlement Payment from Mr. Pienaar, then payment in the same amount shall be promptly made to PeaceTech from Mr. Pienaar or Pinard." *Id.* Defendant Pinard is jointly and severally liable for the two payments of $750,000. *Id.* at 6.

The Settlement Agreement does not require PeaceTech to pay anything to Defendants or to any other entity. *See id.*

The Settlement Agreement includes a provision for interest payments if "any payment described in this section [regarding the three payments listed above] is not made in full by the relevant deadline." *Id.* at 3. The interest, which "accrue[s] at a rate of 6% per annum," is to be paid to PeaceTech, regardless of "whether [the interest payments] stem from a settlement payment due to PeaceTech or to a settlement payment due to USIP." *Id.*

Finally, the Agreement provides that, if a party breaches any of its obligations, then the non-breaching party may "obtain all relief provided by law or equity, including recovery of monetary damages and/or to apply for and receive an injunction to restrain any violation of this Agreement." *Id.* at 4. "For the avoidance of doubt," the Parties agreed that "PeaceTech has the right to enforce the provisions of this Agreement related to the payment directed to USIP." *Id.*

### D.      Defendants Immediately Breached the Settlement Agreement

Defendants breached the Settlement Agreement almost immediately—within 48 hours of signing it. During negotiations, PeaceTech insisted upon a provision for prompt payment of the first $450,000, an important term after years of being strung along by Defendants' false promises.

Ex. A, Himelfarb Decl. at ¶ 11. Defendants agreed to the payment schedule, and all Parties signed the Settlement Agreement by July 21, 2021, which meant that Defendants were required to make the first payment of $450,000 to PeaceTech by July 23, 2021. Ex. C, Settlement Agreement at 2. Defendants failed to make that payment as they had agreed to do just two days earlier.

On July 28, 2021, five days after the $450,000 was due, PeaceTech received a notification from its bank of an inbound wire for $100,000. Ex. A, Himelfarb Decl. at ¶ 12; Ex. D, First Wire Confirmation. The notification includes the date July 27, 2021, indicating that the transfer was apparently initiated the previous day—four days after it was due. *See* Ex. D, First Wire Confirmation. Defendants did not provide any explanation as to why the payment was tardy and not in the full amount due. Ex. B, Declaration of Matthew Miller ("Miller Decl.") at ¶ 4.

On July 30, 2021, counsel for the Parties spoke at PeaceTech's request. *Id.* at ¶ 5. During that meeting, counsel for Defendants stated his understanding that payment for the remainder of the full amount of the first $450,000 due under the Settlement Agreement either had been initiated or would be made early the next week. *Id.* at ¶ 6; *see also* Ex. E at 4–5, Email from Maura Sokol, Counsel for PeaceTech, to Teddy Baldwin, Counsel for Defendants (July 30, 2021, 5:33 PM) (memorializing discussion between counsel). On August 2, 2021, counsel for Defendants wrote to counsel for PeaceTech stating, "I spoke with the client and understand that payment is in process and should be received in the next few days, if not sooner." Ex. E at 4, Email from Teddy Baldwin, Counsel for Defendants, to Maura Sokol, Counsel for PeaceTech (Aug. 2, 2021, 10:44 PM).

That payment, however, was not "in process." A week later, counsel for PeaceTech again wrote to Defendants, stating that PeaceTech would seek an order from the Court enforcing the Settlement Agreement if Defendants did not make the outstanding payment plus interest. Ex. E at 1–2, Email from Matthew Miller, Counsel for PeaceTech, to Teddy Baldwin, Counsel for

Defendants (Aug. 9, 2021, 4:42 PM). Finally, on August 12, 2021, counsel for Defendants sent PeaceTech confirmation of a wire for the outstanding $350,000, which showed that the payment had been wired on August 11, 2021 and did not include the interest owed. Ex. F, Second Wire Confirmation; Ex. G, Email from Teddy Baldwin, Counsel for Defendants, to Counsel for PeaceTech (Aug. 12, 2021, 12:32 PM) (attaching wire confirmation).

While PeaceTech did not press the issue of the missing interest at the time, counsel for PeaceTech wrote to Defendants' counsel to reserve PeaceTech's "rights to seek the interest on the tardy first payment and any other appropriate relief, including if the wire does not clear, if Defendants are late with any subsequent payments, or if Defendants otherwise breach the agreement again." Ex. H, Email from Matthew Miller, Counsel for PeaceTech, to Teddy Baldwin, Counsel for Defendants (Aug. 12, 2021, 12:55 PM). Defendants owe PeaceTech interest on the first payment in the amount of $1,158.83.[4] Ex. B, Miller Decl. at ¶ 8.

### E.      The Court Dismissed the Case and Retained Jurisdiction

The Parties agreed in the Settlement Agreement to move jointly to dismiss the instant case after PeaceTech received the first $450,000 from Defendants. PeaceTech filed the Parties' previously agreed-upon Joint Stipulation of Dismissal on August 17, 2021. ECF No. 33. The Court dismissed the case the next day, retaining jurisdiction to enforce the Settlement Agreement. Minute Entry of August 18, 2021.

---

[4] For each day that Defendants were late with the entire $450,000, they owe PeaceTech $73.97 ($450,000 x (0.06 x (1 day / 365 days))). For each day Defendants were late with the $350,000 that remained after the initial $100,000 payment, Defendants owe PeaceTech $57.53 ($350,000 x (0.06 x (1 day / 365 days))). Defendants were 4 days late with the entire payment, and 15 additional days late with the remaining $350,000: (4 days * $73.97 / day) + (15 days * $57.53 / day) = $1,158.83.

### F.  Defendants Breached the Settlement Agreement Again

Defendants breached the Settlement Agreement again when it came time for them to make the second required payment. The Settlement Agreement required Mr. Pienaar to make a payment of $750,000 to USIP by September 19, 2021 and to provide written notification to PeaceTech of that payment by the next business day. Ex. C, Settlement Agreement at 2, 6–8.

On September 21, 2021, PeaceTech's counsel wrote to Defendants' counsel to inquire about the status of the late second payment. Ex. I at 2–3, Email from Maura Sokol, Counsel for PeaceTech, to Teddy Baldwin, Counsel for Defendants (September 21, 2021, 8:23 PM). The next evening, when Defendants had not responded or provided word about this second past-due payment, PeaceTech's counsel wrote again asking to meet and confer. Ex. I at 3, Email from Maura Sokol, Counsel for PeaceTech, to Teddy Baldwin, Counsel for Defendants (September 22, 2021, 9:20 PM).

Counsel for the Parties met and conferred on September 28, 2021. Ex. B, Miller Decl. at ¶ 10. During that teleconference, counsel for PeaceTech stated that it would not file the instant Motion if Defendants would commit to a reasonable date certain to make the outstanding $750,000 payment and pay the outstanding interest on the two late payments. *Id.* at ¶ 11. Counsel for the Defendants stated: (a) that Defendants would not agree to any particular date certain for making the outstanding payment; (b) that Defendant Mr. Pienaar was in "discussions" with USIP regarding a pledge, but counsel could relay no specific information about those discussions; and (c) that Defendants would object to each aspect of the relief requested in this Motion. *Id.* at ¶ 12. It is not clear what Defendants' "discussions" with USIP could entail that would justify this latest breach. The Settlement Agreement explicitly states, "Defendants shall place no limitations or restrictions on the $1,500,000 payments to USIP under this Agreement" and that, "[i]f USIP declines any part

8

of the Settlement Payment from Mr. Pienaar, then payment in the same amount shall be promptly made to PeaceTech from Mr. Pienaar or Pinard." Ex. C, Settlement Agreement at 2.

As of the date of this Motion, Defendants have not provided PeaceTech with notice that the $750,000 payment has been made, and they apparently have not made the payment. Ex. B, Miller Decl. at ¶ 13. Interest due to PeaceTech is accruing at a rate of $123.29 per day ($750,000 x (0.06 x (1 day / 365 days))). As of the date of this Motion, Defendants owe PeaceTech $2,835.67 in interest on the tardy $750,000 payment. *Id.* at ¶ 14.

## LEGAL STANDARD

"It is well established that federal district courts have the authority to enforce settlement agreements entered into by the litigants in cases pending before them." *Demissie v. Starbucks Corp. Off. & Headquarters*, 118 F. Supp. 3d 29, 34 (D.D.C. 2015) (quoting *Ulliman Schutte Constr., LLC v. Emerson Process Mgmt. Power & Water Solutions*, No. 02–1987, 2007 WL 1794105, at *3 (D.D.C. June 19, 2007)). A dismissed case remains pending before a district court if, when the court dismissed the case, it expressly retained jurisdiction over the settlement agreement. *See T St. Dev., LLC v. Dereje & Dereje*, 586 F.3d 6, 9–11 (D.C. Cir. 2009) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994)). The movant "bears the burden of showing, by clear and convincing evidence, that the parties in fact formed a binding [settlement] agreement." *Blackstone v. Brink*, 63 F. Supp. 3d 68, 76 & n.8 (D.D.C. 2014) (citing *Samra v. Saheen Bus. & Inv. Grp., Inc.*, 355 F. Supp. 2d 483, 493 (D.D.C. 2005)).

"Where 'a binding settlement bargain is conceded or shown,' and 'there is no factual dispute and no legal defense to enforcement,' the court may summarily enforce a settlement agreement." *Simms v. Ball St. Ventures, LLC*, 616 F. Supp. 2d 5, 6 (D.D.C. 2009) (quoting *Autera v. Robinson*, 419 F.2d 1197, 1200 (D.C. Cir. 1969)). Finally, because "[a]n action to enforce a settlement agreement is, at bottom, an action seeking the equitable remedy of specific performance

9

of a contract," *Hall v. George Washington Univ.*, No. Civ.A. 99-1136 (RMU), 2005 WL 1378761,

at *4 (D.D.C. May 13, 2005) (citing *Quijano v. Eagle Maint. Servs., Inc.*, 952 F. Supp. 1, 3 (D.D.C.

1997), *abrogated in part on other grounds by Samra*, 355 F. Supp. 2d 483), the parties "have no

right to a jury trial," and the district court makes its own determinations about credibility.

*Blackstone*, 63 F. Supp. 3d at 76 (citing *Quijano*, 952 F. Supp. at 3); *accord Hall*, 2005 WL

1378761, at *5.

## LAW AND ARGUMENT

As a threshold matter, the Court has jurisdiction over performance of the Settlement

Agreement and may enforce it. In its August 18, 2021 Order, when the Court dismissed the

underlying case, it expressly "retain[ed] jurisdiction over this matter solely to enforce the terms of

the parties' settlement agreement." Minute Entry of August 18, 2021; *see also* Ex. C, Settlement

Agreement at 3 (providing that this Court shall retain jurisdiction to enforce the Agreement). The

case is therefore pending for purposes of this Motion, and the Court may enforce the Agreement.

*See Kokkonen*, 511 U.S. at 381; *T St. Dev.*, 586 F.3d at 9–11 (stating that, after *Kokkonen*, a district

court retains jurisdiction over a settlement agreement if the court "expressly retained jurisdiction

over the agreement").

Further, because there is no dispute here about the existence of a binding Settlement

Agreement, the Court may summarily enforce it. *See Hall*, 2005 WL 1378761, at *4 (noting that,

"[i]n most cases," where "there is no genuine dispute" about the existence of a settlement

agreement, "a district court can enforce [it] summarily"); *see also Franklin v. Kelly*, No. 90-3124

(SS), 1992 WL 276949, at *3–4 (D.D.C. Sept. 24, 1992) (summarily enforcing an undisputed

settlement agreement). Relatedly, a party breaches a contract "if [the] party fails to perform when

performance is due." *E.g.*, *Eastbanc, Inc. v. Georgetown Park Assocs. II, L.P.*, 940 A.2d 996, 1004

(D.C. 2008) (citing 9 Corbin on Contracts § 943 (interim ed. 2002)) (distinguishing breach and

repudiation); *see also* Ex. C, Settlement Agreement at 5 (providing that the Agreement shall be performed and interpreted under District of Columbia law). Defendants are in breach of the Agreement.

In light of Defendants' breaches of the Settlement Agreement, PeaceTech respectfully requests that the Court (1) order Defendants Mr. Pienaar and Pinard to pay to USIP or PeaceTech the overdue $750,000, (2) order Defendants to pay to PeaceTech the interest owed, (3) order Defendants to pay PeaceTech's fees and costs incurred due to Defendants' breaches, (4) order Defendants to meet their other obligations under the Settlement Agreement, and (5) order Defendants to be subject to any other relief the Court deems proper.

### A. The Court Should Order Defendants Pienaar and Pinard to Make the Overdue $750,000 Payment

Defendants Mr. Pienaar and Pinard should be ordered to pay to USIP or PeaceTech the outstanding $750,000 that is overdue under the Settlement Agreement. The Settlement Agreement required Mr. Pienaar to pay that $750,000 by September 19, 2021, and provides that Pinard is jointly and severally liable for the payment. Ex. C, Settlement Agreement at 2, 6. The payment inexcusably remains outstanding. Ex. A, Himelfarb Decl. at ¶ 14; Ex. B, Miller Decl. at ¶ 13.

Mr. Pienaar's allegedly ongoing "discussions" with USIP cannot justify this latest breach in Defendants' long line of breaches. The Settlement Agreement expressly states:

> Defendants shall place no limitations or restrictions on the $1,500,000 payments to USIP under this Agreement. If USIP declines any part of the Settlement Payment from Mr. Pienaar, then payment in the same amount shall be promptly made to PeaceTech from Mr. Pienaar or Pinard.

Ex. C, Settlement Agreement at 2. Defendants agreed to make the first $750,000 payment by September 19, 2021, and to do so, if it went to USIP, with "no limitations or restrictions." *Id.* There should be little to discuss with USIP, and there is no reason that if discussions were necessary, they could not have taken place in the two months after Defendants signed the Settlement

11

Agreement—the period to which Defendants agreed. Moreover, if USIP will not accept the payment, the Settlement Agreement provides that it "shall be promptly made to PeaceTech" instead. *Id.*

PeaceTech therefore respectfully requests that the Court order Defendants Mr. Pienaar and Pinard to pay USIP or PeaceTech the outstanding amount of $750,000 owed under the Settlement Agreement.[5]

## B.    The Court Should Order Defendants to Pay the Interest Owed

Defendants should be ordered to pay to PeaceTech the interest owed on (a) the previously tardy $450,000 payment and (b) the still outstanding, overdue $750,000 payment. Section A of the Settlement Agreement describes the three payments Defendants agreed to make and provides for interest payments if "any payment described in this section is not made in full by the relevant deadline." *See* Ex. C, Settlement Agreement at 3. The interest "accrue[s] at a rate of 6% per annum" and must be paid to PeaceTech, regardless of "whether [the interest payments] stem from a settlement payment due to PeaceTech or to a settlement payment due to USIP." *Id.*

The interest rate of "6% per annum" should be calculated and charged daily because both equity and case law favor doing so. If interest accrued only after a full year, Defendants could breach the Settlement Agreement for 364 days without financial penalty, further stringing along PeaceTech after years of doing just that. Defendants should not be permitted to create and exploit a loophole here. Additionally, Courts have interpreted the District of Columbia's default interest provision in the D.C. Code to require a daily—not yearly—calculation of interest. *See generally* D.C. Code § 28-3302 ("The rate of interest in the District . . . in the absence of expressed contract,

---

[5] If the Court orders Mr. Pienaar and Pinard to make payments under the Settlement Agreement and those Defendants do not make the required payments, PeaceTech reserves its right to seek to collect from the other Defendants given the close relationship between all Defendants and Defendants' course of conduct.

is 6% per annum."). In *Embassy of Federal Republic of Nigeria v. Ugwuonye*, 297 F.R.D. 4 (D.D.C. 2013), for example, this Court awarded interest under that D.C. Code provision and ordered that the amount of the award be calculated daily. *See id.* at 13 (awarding "interest at the rate of 6% per annum, or $254.79 per day").

Here, Defendants' first settlement payment of $450,000 to PeaceTech was late. For the first four days after payment was due, PeaceTech received no payment, and thus the accrued interest during the first four days is $295.88.[6] Defendants then made only a partial payment of $100,000 on July 29, 2021. *See* Ex. D, First Wire Confirmation; Ex. E, Email from Matthew Miller, Counsel for PeaceTech, to Teddy Miller, Counsel for Defendants (July 28, 2021, 11:36 AM). But the Defendants did not pay the remaining $350,000 until August 11, 19 days after payment was due and 15 more days after the initial partial payment of $100,000. *See* Ex. F, Second Wire Confirmation. Thus, the accrued interest during this 15-day period is $862.95.[7] The total accrued interest due to PeaceTech from Defendants' late payment of $450,000 is therefore $1,158.83[8]

Defendant's second settlement payment of $750,000, due on September 19, 2021, is also late and remains outstanding. *See* Ex. C, Settlement Agreement at 2; Ex. A, Himelfarb Decl. at ¶ 14; Ex. B, Miller Decl. at ¶ 13. The interest accruing daily on this late payment is $123.29.[9] As of the date of this Motion, Defendants owe PeaceTech $2,835.67 as a result of the late $750,000 payment.[10]

Therefore, the total amount of interest due to PeaceTech from Defendant's late first settlement payment and outstanding second settlement payment is $1,158.83, plus $123.29

---

[6] $450,000 x 0.06 x (1 day / 365 days) = $73.97 per day. ($73.97 / day) x 4 days = $295.88.
[7] $350,000 x 0.06 x (1 day / 365 days) = $57.53 per day. ($57.53 / day) x 15 days = $862.95.
[8] $295.88 + $862.95 = $1,158.83.
[9] $750,000 x 0.06 x (1 day / 365 days) = $123.29 per day.
[10] ($123.29 / day) x 23 days = $2,835.67.

multiplied by the number of days from September 19, 2021 to the date Defendants make that payment.

Despite section A of the agreement requiring Defendants to pay this accrued interest to PeaceTech, Defendants have not paid it. *See* Ex. A, Himelfarb Decl. at ¶ 15. Defendants are therefore in breach of the Agreement, and PeaceTech respectfully requests that the Court order Defendants to pay to PeaceTech the owed interest.

### C.      The Court Should Order Defendants to Pay PeaceTech's Fees and Costs Incurred Due to Defendants' Breaches

Defendants should be ordered to pay PeaceTech's fees and costs incurred due to Defendants' breaches of the Settlement Agreement. District of Columbia courts have long recognized that the American rule—that each party pay for its litigation fees and costs—is subject to several exceptions, including an agreement between the parties and bad faith. *See, e.g.*, *Nest & Totah Venture, LLC v. Deutsch*, 31 A.3d 1211, 1229 (D.C. 2011) (citing *Psaromatis v. Eng. Holdings I, L.L.C.*, 944 A.2d 472, 490 (D.C. 2008)) (parties' agreement); *In re Jumper*, 984 A.2d 1232, 1247–48 (D.C. 2009) (citing *Jung v. Jung*, 844 A.2d 1099, 1107 (D.C. 2004)) (bad faith); *see also Wilcox v. Sisson*, No. Civ.A. 02-1455(RMC), 2006 WL 1443981, at *10 (D.D.C. May 25, 2006) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n.31 (1975), *superseded by statute on other grounds as recognized in Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 446 (9th Cir. 1992)) (holding that, in a diversity action, District of Columbia law governs the award of fees and costs).

Defendants and PeaceTech agreed that, if a party breaches the Settlement Agreement, then the other party is entitled "to obtain *all* relief provided by law or *equity*, including recovery of monetary damages." *See* Ex. C, Settlement Agreement at 4 (emphases added). Equitable relief here includes the application of the bad faith exception. *See Synanon Found., Inc. v. Bernstein*, 517

A.2d 28, 38 (D.C. 1986) ("An equity court has the unquestioned power to award attorney's fees against a party who shows bad faith . . . ." (quoting *Hutto v. Finney*, 437 U.S. 678, 689 n.14 (1978))). Bad faith, in turn, "may be found where 'a party, confronted with a clear statutory or judicially-imposed duty towards another, is so recalcitrant in performing that duty that the injured party is forced to undertake otherwise unnecessary litigation to vindicate plain legal rights.'" *Am. Hosp. Ass'n v. Sullivan*, 938 F.2d 216, 220 (D.C. Cir. 1991) (quoting *Fitzgerald v. Hampton*, 545 F. Supp. 53, 57 (D.D.C. 1982)). Thus, the Settlement Agreement, by allowing for "all relief provided by law or equity," establishes that PeaceTech may recover fees and costs because Defendants acted in bad faith by forcing PeaceTech to file this Motion to vindicate its plain legal rights. Additionally, the fact that Defendants breached the Agreement within 48 hours of signing it is a clear indication of bad faith.

Here, the Agreement is unambiguous: it specifies the date on which each payment was to be made, the method of each payment, and the recipient of each payment. *See* Ex. C, Settlement Agreement at 2. The Agreement thus imposed a clear duty on Defendants. Yet, Defendants have breached the Agreement twice, the culmination of a long history of their contractual breaches. Defendants' breaches forced PeaceTech through its counsel to "vindicate [its] plain legal rights," *see Am. Hosp. Ass'n*, 938 F.2d at 220, by bringing this Motion to enforce the Settlement Agreement. PeaceTech therefore respectfully asks the Court to order Defendants to pay the fees and costs associated with bringing this Motion and otherwise responding to Defendants' breaches.[11] If the Court awards these fees and costs, PeaceTech will provide an affidavit

---

[11] That PeaceTech's attorneys are representing their non-profit client pro bono is of no moment. *See* Ex. A, Miller Decl. at ¶ 15. D.C. courts have consistently held that "attorney's fees may be awarded even though representation was provided on a pro bono basis." *Saxon v. Zirkle*, 97 A.3d 568, 576 (D.C. 2014) (collecting cases).

demonstrating the amount of fees,[12] their necessity, the tasks on which those fees were expended, and any other information that the Court requests.

**D.      The Court Should Order Defendants to Meet Their Other Obligations Under the Agreement**

 Defendants should be ordered to meet their other obligations under the Agreement—in particular, making the third payment of $750,000 to USIP on time by December 31, 2021 and in full. Section I of the Settlement Agreement, entitles the non-breaching party, upon a breach by the other party, to "obtain all relief provided by law or equity, including . . . apply[ing] for and receiv[ing] an injunction to restrain any violation of this Agreement." *See id.* at 4. Defendants' breaches of the Settlement Agreement, on top of Defendants' history of breaches that precipitated this case, justify an order from the Court that Defendants not breach the Settlement Agreement again. PeaceTech therefore respectfully requests that the Court order Defendants to meet their other obligations under the Agreement, including, in particular, by making the third payment of $750,000 to USIP or PeaceTech on time by December 31, 2021 and in full.

**E.      The Court Should Order Any Other Sanction Against Defendants or Relief that the Court Deems Proper**

 Defendants should be subject to any other sanction, and PeaceTech should be granted any other relief, that the Court deems proper. For example, the Court should order that Defendants make the two outstanding $750,000 payments to PeaceTech instead of USIP given that (1) the Settlement Agreement requires the $750,000 payments be made without restrictions or limitations, (2) the Settlement Agreement directs those payments to PeaceTech if USIP refuses them, and (3) Defendants have had more than two months since signing the Settlement Agreement to make the

---

[12] The fees and costs PeaceTech seeks here are the legal fees that PeaceTech's attorneys incurred from July 24, 2021 (the day after the first $450,000 settlement payment was due to PeaceTech) through the date of the Court's Order on this Motion.

first $750,000 to USIP and have failed to do so, the result of apparently stalled "discussions" between Defendants and USIP. *See* Ex. C, Settlement Agreement at 2, 6. In other words, because Defendants have been unable or unwilling to make the first $750,000 payment to USIP, Defendants should be ordered to make the $750,000 payments to PeaceTech instead.

## CONCLUSION

For the foregoing reasons, PeaceTech respectfully requests that the Court grant its Motion to Enforce Settlement Agreement.

Dated:  October 12, 2021                    COVINGTON & BURLING LLP

By:     /s/ Matthew V. Miller
        Benjamin J. Razi (No. 475946)
        Matthew V. Miller (No. 1614900)
        Maura Sokol (*pro hac vice*)
        850 Tenth Street, NW
        Washington, DC 20001
        Telephone: (202) 662-5463
        brazi@cov.com
        msokol@cov.com

        *Attorneys for Plaintiff*
        *PeaceTech Lab, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 12, 2021, I electronically filed the foregoing documents with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.


By:     */s/ Matthew V. Miller*