# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PEACETECH LAB, INC., | ) |
|                Plaintiff, | ) |
| v. | ) C.A. No. 1:20-cv-922-JDB |
| C5 ACCELERATE LLC, PINARD S.A.R.L., C5 HOLDINGS S.A.R.L., GROUNDTRUTH INVESTOR LLC, MR. ANDRE PIENAAR, C5 CAPITAL LTD. | ) |
|                Defendants. | ) |

**DECLARATION OF MATTHEW V. MILLER IN SUPPORT OF PEACETECH'S MOTION TO ENFORCE SETTLEMENT AGREEMENT**

I, Matthew V. Miller, declare:

1. I make this Declaration in support of the Motion to Enforce the Settlement Agreement made by PeaceTech Lab, Inc. ("PeaceTech") based on my personal knowledge, information, and belief, formed after reasonable inquiry under the facts and circumstances. If called to testify as a witness, I could and would competently do so under oath.

2. I am an attorney at Covington & Burling LLP and counsel for PeaceTech in this matter. In this capacity, I am knowledgeable about the facts of this litigation, the parties to this litigation, and litigation generally in the U.S. District Court for the District of Columbia.

3. A true and correct copy of the parties' Settlement Agreement is attached to this Declaration as Exhibit C.

4. Defendants C5 Accelerate LLC ("C5 Accelerate"), Pinard S.a.r.l. ("Pinard"), C5 Holdings S.a.r.l. ("C5 Holdings"), GroundTruth Investor LLC ("GTI"), C5 Capital Ltd. ("C5

1

Capital"), and Andre Pienaar (collectively, the "Defendants") did not provide any explanation as to why the $450,000 Settlement Agreement payment was tardy, and they did not provide any explanation as to why Defendants first paid only $100,000 (before paying the rest of the $450,000). A true and correct copy of the July and August 2021 email thread between counsel for Defendants and counsel for PeaceTech related to that late payment is attached to this Declaration as Exhibit E.

5. On July 30, 2021, counsel for the Parties spoke at PeaceTech's request. I participated in the meeting for PeaceTech, along with my colleagues David Martin and Maura Sokol. Teddy Baldwin represented Defendants during the meeting.

6. During that July 30 meeting, Teddy Baldwin, counsel for Defendants, stated his understanding that payment for the remainder of the full amount of the first $450,000 due under the Settlement Agreement either had been initiated or would be made early the next week.

7. On August 12, 2021, counsel for Defendants sent PeaceTech confirmation of a wire for the outstanding $350,000, which showed that the payment had been wired on August 11, 2021 and did not include the interest owed. A true and correct copy of the email from counsel for Defendants that sent the wire confirmation is attached to this Declaration as Exhibit G. A true and correct copy of that wire confirmation is attached to this Declaration as Exhibit F. A true and correct copy of counsel for PeaceTech's response to that confirmation is attached to this Declaration as Exhibit H.

8. For the late first payment of $450,000 to USIP, Defendants owe to PeaceTech $1,158.83 in interest. For each day that Defendants were late with the entire $450,000, they owe PeaceTech $73.97 ($450,000 x (0.06 x (1 day / 365 days))). For each day Defendants were late with the $350,000 that remained after the initial $100,000 payment, Defendants owe PeaceTech

2

$57.53 ($350,000 x (0.06 x (1 day / 365 days))). Defendants were 4 days late with the entire payment, and 15 additional days late with the remaining $350,000: (4 days * $73.97 / day) + (15 days * $57.53 / day) = $1,158.83.

9. On September 21, 2021, PeaceTech's counsel wrote to Defendants' counsel to inquire about the status of the $750,000 that was due two days earlier. The next evening, when Defendants had not responded or provided word about this second past-due payment, PeaceTech's counsel wrote again asking to meet and confer. A true and correct copy of that September 2021 email thread is attached to this Declaration as Exhibit I.

10. Counsel for the Parties met and conferred on September 28, 2021. I participated in the meeting for PeaceTech, along with my colleagues David Martin and Adam Mitchell. Teddy Baldwin represented Defendants during the meeting.

11. During that September 28 teleconference, counsel for PeaceTech stated that it would not file the instant Motion if Defendants would commit to a reasonable date certain to make the outstanding $750,000 payment and pay the outstanding interest on the two late payments.

12. During that September 28 teleconference, counsel for the Defendants stated: (a) that Defendants would not agree to any particular date certain for making the outstanding payment; (b) that Defendant Mr. Pienaar was in "discussions" with USIP regarding a pledge, but counsel could relay no specific information about those discussions; and (c) that Defendants would object to each aspect of the relief requested in PeaceTech's Motion.

13. As of the date of this Motion, Defendants apparently have not made the first required $750,000 payment. They have not provided me with any notice that the payment has been made.

14.     Interest due to PeaceTech is accruing at a rate of $123.29 per day ($750,000 x (0.06 x (1 day / 365 days))). As of the date of this Motion, Defendants owe PeaceTech $2,835.67 in interest on the tardy $750,000 payment (($123.29 / day) x 23 days = $2,835.67).

15.     Covington & Burling LLP is representing its client PeaceTech pro bono in this matter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: October 12, 2021                           By: /s/ Matthew V. Miller
Bethesda, MD                                          Matthew V. Miller