# EXHIBIT C

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into between PeaceTech Lab, Inc. ("PeaceTech") and C5 Accelerate LLC ("C5 Accelerate"), Pinard S.a.r.l. ("Pinard"), C5 Holdings S.a.r.l. ("C5 Holdings"), Groundtruth Investor LLC ("GTI"), C5 Capital Ltd. ("C5 Capital"), and Mr. Andre Pienaar ("Mr. Pienaar") (collectively, "Defendants") for themselves and for their directors, officers, representatives, board members, employees, agents, attorneys, insurers, and associates, past, present, and future, in their corporate and individual capacities. PeaceTech and Defendants are sometimes referred to herein individually as a "Party" and collectively as "the Parties."

## RECITALS

PeaceTech and Defendants desire to fully, completely, and permanently resolve the lawsuit filed by PeaceTech against Defendants entitled *PeaceTech Lab. Inc. v. C5 Accelerate LLC, et al.,* in the U.S. District Court for the District of Columbia, Case No. 1:20-cv-922 (JDB) (the "Litigation"), and all claims and counterclaims between the Parties pertaining to or arising from contracts entered into between the Parties, specifically the Gift Agreement, Collaboration Agreement, and SAFE Agreements, as well as investments in groundTruth global, Inc.

NOW THEREFORE, in consideration of and in exchange for the promises, covenants, and releases contained herein, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound, the Parties mutually agree as follows:

A. **Settlement Payments**

For and in consideration of the mutual covenants stated in this Agreement including, but not limited to, the releases set forth herein, C5 Accelerate shall pay to PeaceTech the sum of Four Hundred and Fifty Thousand Dollars ($450,000.00) to be made by wire/ACH no later than 48 hours after this Agreement has been fully executed. PeaceTech will provide transfer instructions to C5 Accelerate's counsel in writing upon execution of this Agreement.

In addition, for and in consideration of the mutual covenants stated in this Agreement including, but not limited to, the releases set forth herein, Mr. Pienaar shall pay to the United States Institute of Peace ("USIP") One Million and Five Hundred Thousand Dollars ($1,500,000.00). A first payment of Seven Hundred and Fifty Thousand Dollars ($750,000.00) shall be made by wire/ACH no later than sixty (60) days after this Agreement has been fully executed, followed by a second payment of Seven Hundred and Fifty Thousand Dollars ($750,000.00) by December 31, 2021.

When Mr. Pienaar makes a payment to USIP pursuant to this Agreement, Mr. Pienaar or his agents or counsel shall notify PeaceTech in writing of the date and amount of the payment by the next business day. Mr. Pienaar or his agents or counsel may provide such notice via email to counsel of record for PeaceTech in the Litigation. Defendants shall place no limitations or restrictions on the $1,500,000 payments to USIP under this Agreement. If USIP declines any part of the Settlement Payment from Mr. Pienaar, then payment in the same amount shall be promptly made to PeaceTech from Mr. Pienaar or Pinard.

In the event any payment described in this section is not made in full by the relevant deadline for payment listed herein, the Parties agree that interest on that payment shall thereafter accrue at a rate of 6% per annum. All interest payments under this provision shall be paid to PeaceTech, whether they stem from a settlement payment due to PeaceTech or to a settlement payment due to USIP. The Parties agree that this provision for potential payment of interest is not punitive and not a provision for liquidated damages.

### B. U.S. District Court for the District of Columbia to Retain Jurisdiction

The Parties agree that the United States District Court, District of Columbia, shall retain jurisdiction to enforce this Agreement.

### C. Attorneys' Fees and Costs

The Parties shall pay their own attorneys' fees and costs in this Litigation.

### D. Entire Amount of Consideration

The Parties agree that this Agreement sets forth the entire consideration and benefits to which PeaceTech is entitled from Defendants in exchange for PeaceTech's covenants, promises, and releases set forth herein.

The Parties agree that this Agreement sets forth the entire consideration and benefits to which Defendants are entitled from PeaceTech in exchange for Defendants' covenants, promises, and releases set forth herein.

Except as provided in this Agreement, neither Party shall seek any compensation or benefits of any kind or nature from the other Party, including, but not limited to, damages (whether compensatory, punitive, or otherwise), costs, or attorneys' fees, with respect to the claims in PeaceTech's Amended Complaint in this Litigation (ECF No. 20), the claims in Defendants' Counterclaims (ECF No. 27), or any other claims pertaining to or arising from the Litigation.

### E. Joint Stipulation and Order for Dismissal

Effective upon actual receipt of the first payment in the amount of $450,000 by PeaceTech described in the above Section A, the Parties agree to execute and file a Joint Stipulation and [Proposed] Order for Dismissal, attached hereto as Exhibit A.

### F. Conditions Constitute Valuable Consideration

PeaceTech expressly acknowledges and agrees that the consideration from Defendants set forth herein constitutes good and valuable consideration for PeaceTech's covenants, promises, and releases set forth herein. PeaceTech expressly acknowledges that Defendants are providing good and valuable consideration to support this Agreement above and beyond any amounts or subjects that may have been disputed in this Litigation.

Defendants expressly acknowledge and agree that the consideration from PeaceTech set forth herein constitutes good and valuable consideration for Defendants' covenants, promises, and

releases set forth herein. Defendants expressly acknowledge that PeaceTech is providing good and valuable consideration to support this Agreement above and beyond any amounts or subjects that may have been disputed in this Litigation.

### G.      Consultation with Counsel

Each Party acknowledges that it has had an opportunity to fully discuss all aspects of this Agreement with an attorney. Each Party further acknowledges that it has carefully read and that it fully understands all of the provisions of this Agreement, and that it is voluntarily entering into this Agreement after consulting with legal counsel. Specifically, PeaceTech has consulted with its counsel at Covington & Burling LLP. Defendants have consulted with their counsel at Steptoe & Johnson LLP.

### H.      Voluntary Release of Claims

PeaceTech understands and agrees that, by signing this Agreement, PeaceTech is knowingly and voluntarily agreeing to waive and release all known claims against Defendants and all claims against Defendants that, by exercise of reasonable diligence, it could have known of, including the claims in PeaceTech's Amended Complaint in this Litigation (ECF No. 20) and any other claims against Defendants pertaining to or arising from the Gift Agreement, Collaboration Agreement, SAFE Agreements, or groundTruth global, Inc., once the Settlement Payments have been made in full.

Defendants understand and agree that, by signing this Agreement, they are knowingly and voluntarily agreeing to waive and release all known claims against PeaceTech and all claims against PeaceTech that, by exercise of reasonable diligence, they could have known of, including all of the claims in Defendants' Counterclaims (ECF No. 27) against PeaceTech and any other claims pertaining to or arising from the Gift Agreement, Collaboration Agreement, SAFE Agreements, or investment in groundTruth global, Inc.

### I.      Remedies for Breach

If a Party breaches any of its obligations under this Agreement, the other Party shall be entitled to obtain all relief provided by law or equity, including recovery of monetary damages and/or to apply for and receive an injunction to restrain any violation of this Agreement.

All Parties also recognize and agree that this Agreement is fully enforceable by any party. For the avoidance of doubt, PeaceTech has the right to enforce the provisions of this Agreement related to the payment directed to USIP described in the above section A.

### J.      No Admissions

By signing this Agreement and complying with its terms, neither PeaceTech nor Defendants admit to any inappropriate, unlawful, or tortious conduct. Both PeaceTech and Defendants deny that any such conduct has occurred.

**K.     Confidentiality and Non-Disparagement**

The Parties agree that the terms of this Agreement shall be kept confidential, and that its terms shall not be disclosed to any third party, except: (a) to the Parties' attorneys; (b) as may be required by state or federal law, or the laws of any foreign jurisdiction; or (c) in connection with any action or proceeding to enforce the terms of this Agreement.

**L.     Governing Law**

The Parties agree that the performance of this Agreement is to occur in the District of Columbia, and that the terms of this Agreement shall be interpreted under the laws of the District of Columbia and any applicable laws of the United States.

**M.     Entire Agreement**

Upon the effective date of this Agreement, all prior oral or written agreements, if any, between PeaceTech and Defendants pertaining to the subject matter of this Agreement shall be terminated.  The terms stated in this Agreement are all of the terms to which the Parties have agreed.

**N.     Amendments Only in Writing**

This Agreement shall not be altered, amended, modified, or otherwise changed in any respect whatsoever except by a writing duly executed by both Parties.

**O.     No Known Conflicts**

PeaceTech and Defendants each aver that they are not aware of any provisions of this Agreement that conflict with any controlling law or regulation.

**P.     No Waiver**

The failure of any Party to enforce or to require strict or timely compliance with any term or provision of this Agreement shall not be deemed to be a waiver or relinquishment of any rights or obligations arising under this Agreement.  Such failure shall not preclude or stop the Party from subsequently enforcing any term or provision of this Agreement or from seeking remedies for any subsequent breach of any term or provision of this Agreement.

No right or obligation arising under this Agreement can be waived or relinquished unless done in writing.  Waiver or relinquishment of any one right or obligation at any one or more times shall not be deemed to be a waiver or relinquishment of that right or obligation at any other time or times and shall not be deemed to be a waiver or relinquishment of any other right or obligation arising under this Agreement at any time.

**Q.     Severability**

Every part, term, or provision of this Agreement is severable from the others.  This Agreement has been made with the clear intention that the validity and enforceability of the

remaining parts, terms, and provisions shall not be affected by any possible future finding by a duly constituted authority that a particular part, term, or provision is invalid, void, or unenforceable.  If a provision in this Agreement is later found to be unlawful by a proper authority, the parties agree to construe the Agreement as if the unlawful provision did not exist.

R.  **Timing**

After each Party has executed a copy of this Agreement, it shall serve that executed copy on the other Party by emailing the signed copy to counsel of record for the other Party.  After each Party has served its executed copy of the Agreement on the other Party and the first payment of $450,000 has been received, PeaceTech shall be authorized to execute on behalf of both Parties the Joint Stipulation and [Proposed] Order for Dismissal attached hereto as Exhibit A and shall file it with the Court in this Litigation.

S.  **Joint and Several Liability**

Defendant Pinard is jointly and severally liable for the $1.5 million payment to USIP described in section A above.

T.  **Construction**

This Agreement shall be deemed to have been drafted equally by both Parties.  Its language shall be construed as a whole and according to its fair meaning.  Any presumption or principle in law or equity that the language is to be construed against any party shall not apply.  The section and paragraph headings in this Agreement are included for convenience and shall not affect in any way the construction or interpretation of the Agreement.  The plural includes the singular and the singular includes the plural; "and" and "or" are each used both conjunctively and disjunctively; "any" and "all" each mean "any and all"; "each" and "every" each mean "each and every"; and "including" and "includes" are each "without limitation."

U.  **Counterparts**

The Parties agree that this Agreement may be executed in one or more counterparts, and in both original form and one or more photocopies, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument.

V.  **Effective Date**

This Agreement shall be effective once all Parties have signed it.  The effective date of this Agreement shall be the date of the last-in-time signature below.

W.  **Understanding**

By executing this Agreement, each Party acknowledges that it has carefully read the Agreement; that the Party has had an opportunity to review the Agreement with an attorney of its own choice; that the Party fully and completely understands the terms and the binding effect of this Agreement; that the only promises and representations made to the Party that have led the Party to execute this Agreement are those stated in this Agreement; that the Party is executing this

Agreement knowingly and voluntarily and under its own free will, without any threat or coercion by any entity, including the other Party; and that the person whose signature appears for the Party below is duly authorized to execute this Agreement on behalf of the Party.

AGREED AND ACCEPTED BY

_____
PeaceTech Lab, Inc., by its authorized agent

Printed Name: Sheldon Himelfarb

Title: CEO

Date: 7/20/21

_____
C5 Accelerate, LLC, by its authorized agent

Printed Name: _____

Title: _____

Date: _____

_____
C5 Holdings S.a.r.l., by its authorized agent

Printed Name: _____

Title: _____

Date: _____

_____
Mr. Andre Pienaar

Printed Name: _____

Date: _____

_____
Pinard S.a.r.l., by its authorized agent

Printed Name: _____

Title: _____

Date: _____

_____
C5 Capital, Ltd., by its authorized agent

Printed Name: _____

Agreement knowingly and voluntarily and under its own free will, without any threat or coercion by any entity, including the other Party; and that the person whose signature appears for the Party below is duly authorized to execute this Agreement on behalf of the Party.

AGREED AND ACCEPTED BY

PeaceTech Lab, Inc., by its authorized agent

Printed Name: _____

Title: _____

Date: _____

*[Signature: Andre Pienaar]*
C5 Accelerate, LLC, by its authorized agent

Printed Name: Andre Pienaar

Title: Chief Executive

Date: 7/20/2021 | 8:55 AM PDT

*[Signatures: Andre Pienaar and another]*
C5 Holdings S.a.r.l., by its authorized agent

Printed Name: Andre Pienaar            John Mills

Title: Chief Executive                  Director

Date: 7/20/2021 | 8:55 AM PDT    7/20/2021 | 4:58 PM BST

*[Signature: Andre Pienaar]*
Mr. Andre Pienaar

Printed Name: Andre Pienaar

Date: 7/20/2021 | 8:55 AM PDT

*[Signature: Andre Pienaar]*
Pinard S.a.r.l., by its authorized agent

Printed Name: Andre Pienaar

Title: Chief Executive

Date: 7/20/2021 | 8:55 AM PDT

*[Signature: Andre Pienaar]*
C5 Capital, Ltd., by its authorized agent

Printed Name: Andre Pienaar

Title: _Chief Executive_

Date: _7/20/2021 | 8:55 AM PDT_

_____

Groundtruth Investor LLC, by its authorized agent

Printed Name: _____

Title: _____

Date: _____

Page 7 of 7

Title: _____

Date: _____

*[DocuSigned by: Andre Pienaar / 837BD6480B5D405...]*

Groundtruth Investor LLC, by its authorized agent

Printed Name: _Andre Pienaar_____

Title: _Chief Executive_____

Date: _7/21/2021 | 9:02 AM PDT_____