**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| PEACETECH LAB, INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 1:20-cv-922 (JDB) |
| v. | ) | |
| | ) | |
| C5 ACCELERATE LLC, PINARD | ) | |
| S.A.R.L., C5 HOLDINGS S.A.R.L., | ) | |
| GROUNDTRUTH INVESTOR LLC, | ) | |
| MR. ANDRÉ PIENAAR, and | ) | |
| C5 CAPITAL LTD., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**OPPOSITION TO PEACETECH LAB'S**
**MOTION TO ENFORCE SETTLEMENT AGREEMENT**

Defendants C5 Accelerate LLC ("C5 Accelerate"), Pinard s.a.r.l. ("Pinard"), C5 Holdings

s.a.r.l. ("Holdings"), GroundTruth Investor LLC ("GTI"), Mr. André Pienaar, and C5 Capital

Ltd. ("Capital") submit this Opposition to the Motion to Enforce the Settlement Agreement (the

"Motion") by PeaceTech Lab, Inc. ("PTL" or "Plaintiff") and state as follows.

I. **Defendant's Arguments with Respect to Interest Are Misplaced, Moot, and**
   **Premature**

As an initial matter, the Defendant's arguments regarding interest are misplaced. For

example, the Plaintiff seeks interest from ***all Defendants*** with regard to the initial $450,000

1

settlement payment. *See* Plaintiff's Memorandum in Support of Its Motion to Enforce Settlement

Agreement ("Memorandum") (Dkt. #34-1), at p. 7.  The Settlement Agreement[1] at issue provides

that only C5 Accelerate was liable for the $450,000 payment under the Settlement Agreement.

*See* Article A of Settlement Agreement, Exh. C to Plaintiff's Motion. Despite this clear

provision, and despite the fact that none of the other Defendants had an obligation to pay the

$450,000, Plaintiff inexplicably seeks to hold all of the liable for interest for a late payment.[2]

The same is true with respect to the charitable pledge payment of $750,000 due to the

U.S. Institute of Peace ("USIP"). *See* Article A of Settlement Agreement, Exh. C to Plaintiff's

Motion. The Settlement Agreement provides that "Mr. Pienaar" shall make this charitable pledge

payment to USIP. It is not an obligation of any of the other Defendants. Seeking an order to have

all Defendants pay interest owed on an obligation of Mr. Pienaar is abusive and unsupported.

In any event, C5 Accelerate paid interest to Plaintiff of $1,158.83 on October 19, 2021

for its obligation under the Settlement Agreement.[3] This is the amount that Plaintiff asserts is

owed for the interest payment on the $450,000 settlement payment. *See* Plaintiff's Memorandum

in Support of Its Motion to Enforce Settlement Agreement (Dkt. #34), at p. 7. Thus, the claim for

interest for the $450,000 payment is satisfied and therefore moot.

Lastly, with respect to interest, the request for interest regarding the $750,000 charitable

pledge payment to USIP by Mr. Pienaar is premature. The Settlement Agreement provides for

interest of 6% per annum with respect to this payment. *See* Article A of Settlement Agreement,

Exh. C to Plaintiff's Motion. The Plaintiff is thus seeking the exact rate of interest as already

---

[1] The Plaintiff exhibited the Settlement Agreement as Exhibit C to their Motion [Dkt. #34].
[2] The Settlement Agreement with respect to interest discusses that "the Parties" agree that interest shall accrue at a rate of 6% per annum. (*See* Article A of Settlement Agreement, Exh. C to Plaintiff's Motion.) Because the "Parties" agree to an interest rate does not mean that all "the Parties" are responsible for paying that interest. If that were the case, which it is not, then Plaintiff would also be liable to pay the interest because it is one of the entities that make up "the Parties."
[3] SunTrust Bank Wire Confirmation from C5 Accelerate to PeaceTech Lab, included as Exhibit A.

provided for in the Settlement Agreement. (*Compare id. with* p. 2 of Plaintiff's Motion.) The

Plaintiff has not specified a sum certain regarding interest for the charitable pledge payment, as

Plaintiff did with the $450,000 payment by C5 Accelerate, as the interest amount is not yet fixed.

It is premature and pointless to request this Court to order something that is at this point

uncertain and not yet fixed.

## II.      Plaintiff's Motion Is Abusive and Premature with Respect to Its Other Requests

As acknowledged by Plaintiff, C5 Accelerate paid the settlement payment of $450,000 to

Plaintiff. *See* Memorandum [Dkt. #34-1], at p. 7. As provided for in the Settlement Agreement,

the $750,000 payment at issue is a charitable pledge to be paid to USIP, not to Plaintiff. (*See*

Article A of Settlement Agreement, Exh. C to Plaintiff's Motion.) The obligation here is not a

payment to Plaintiff; rather, the obligation to Plaintiff is to provide a notice the next business day

to Plaintiff that payment has been made to USIP. In accordance with the Settlement Agreement,

the payment to USIP would have been due on September 19, 2021, which was a Sunday.[4] This

means that the notice to Plaintiff, which is not the recipient of the payment, would have been due

on September 20, 2021. **Less than 48 hours** from when the notice would have been due,

**Plaintiff stated that it was bringing a motion to enforce** and requested to meet and confer

regarding the motion.[5] The Plaintiff gave no reason why a less than 48-hour delay of the notice

required the attention of this Court.[6] The Plaintiff provided no reason to justify a "time of the

essence" issue as to why the motion would need to be brought when the payment was 48 hours

late.[7] If every litigant brought a motion before the courts when a payment was 48-hours late, the

---

[4] *See* Article A of Settlement Agreement, Exh. C to Plaintiff's Motion, requiring payment in 60 days after execution of the Settlement Agreement. The Settlement Agreement was executed on July 21, 2021.
[5] Email from M. Sokol to E. Baldwin, September 22, 2021, included here as Exhibit B.
[6] *Id*.
[7] *Id*.

courts would certainly be flooded. This is especially true when the Settlement Agreement provides for interest as a remedy for a late payment.

More problematic for the purposes of this motion, the Plaintiff said that it would be seeking relief in the motion that would be improper, such as requiring that all the Defendants be obligated for payments for which they had no obligation, as well as to have the Defendants pay the costs and fees of the proceeding.[8] And this is essentially the improper relief the Plaintiff requested before this Court.

As discussed above, there is no basis to seek to hold certain Defendants liable for interest on payments for which they otherwise have no liability. The Plaintiff negotiated and agreed that only one Defendant (C5 Accelerate) was liable for the $450,000 payment (which has been made) and that one other Defendant (Mr. Pienaar) was liable for the charitable pledge payment to USIP.[9] Yet the Plaintiff's email states that it would seek to hold all of the Defendants liable for any outstanding payments, interest, and costs and fees.[10] Such a request in a meet and confer was abusive, as is seeking that relief in this Motion.

Further, the Plaintiff's request for costs and fees, especially against all Defendants, is misplaced and abusive. The Settlement Agreement, as negotiated by the parties, states that the "Parties shall pay their own attorneys' fees and costs in this Litigation."[11] Litigation is defined in the Settlement Agreement as "*PeaceTech Lab. Inc. v. C5 Accelerate LLC, et al*., in the U.S. District Court for the District of Columbia, Case No. 1:20-cv-922 (JDB)," meaning this case of course. Plaintiff's request, which was first raised less than 48 hours after a late notice of payment, and raised again in its Motion, is contrary to the express agreement in the Settlement

---

[8] *Id*.
[9] *See* Article A of Settlement Agreement, Exh. C to Plaintiff's Motion.
[10] Email from M. Sokol to E. Baldwin, September 22, 2021, included here as Exhibit B.
[11] *See* Article C of Settlement Agreement, Exh. C to Plaintiff's Motion.

Agreement regarding fees and costs.

In its Memorandum, Plaintiff quoted the provision in the Settlement Agreement that refers to the Parties being entitled to remedies in equity as the basis for seeking fees and costs. The Plaintiff further refers to the fact that the American Rule can be altered by agreement of the parties. What the Plaintiff appears to have decided not to tell this Court is that, as stated above, the Settlement Agreement expressly provides, and the parties agreed, to each pay their own fees and costs in this Litigation.

In addition, the Plaintiff provides no proper basis for requesting to be awarded the costs and fees given that the issue is a late payment to USIP, not even to Plaintiff, among other reasons. The Plaintiff makes a bad faith argument by asserting that the Settlement Agreement was breached within 48 hours of execution. But Plaintiff also admits that this payment of $450,000 was made to Plaintiff. *See* Memorandum [Dkt. #34-1], at p. 7. In fact, a partial payment was made within 5 days and the full payment was made within three weeks of the due date. *See id*. Plaintiff further admits that it had stated that it would not seek to enforce the interest payment at that time. *See* Plaintiff's Memorandum [Dkt. # 34-1, at p. 7]. This is hardly behavior that reaches the level of bad faith required to obtain costs and fees. Again, if a late payment was sufficient to show bad faith then the American Rule would not exist.

Lastly, and importantly, **Plaintiff requests costs and fees from all Defendants**, even those Defendants that have not in any conceivable argument breached the Settlement Agreement. For example, Plaintiff requests this Court to order that Defendant Groundtruth Investor LLC ("GTI") pay Plaintiff's costs and fees even though it alleges no facts that GTI breached the Settlement Agreement.

**CONCLUSION**

For the reasons set forth herein, this Court should deny Plaintiff's Motion to Enforce the

Settlement Agreement as premature or moot and deny all requested relief.


Respectfully Submitted,

By: */s/ Edward Baldwin*

STEPTOE & JOHNSON
1330 Connecticut Avenue NW
Washington, DC 20036
Tel: (202) 429-3000
Fax: (202) 429-3902
ebaldwin@steptoe.com


Dated: October 26, 2021

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 26, 2021, I electronically filed the foregoing documents with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Edward Baldwin*
Edward Baldwin