# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PEACETECH LAB, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 1:20-cv-922-JDB |
| | ) |
| C5 ACCELERATE LLC, PINARD S.A.R.L., C5 HOLDINGS S.A.R.L., GROUNDTRUTH INVESTOR LLC, MR. ANDRE PIENAAR, C5 CAPITAL LTD. | ) ) ) ) ) ) |
| Defendants. | ) |

## PEACETECH'S REPLY IN SUPPORT OF ITS MOTION TO ENFORCE SETTLEMENT AGREEMENT

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................... 1

LAW AND ARGUMENT ...................................................................................................... 2

      A.      The Court Should Order Defendants Pienaar and Pinard to Make the Overdue $750,000 Payment.................................................................................................2

      B.      The Court Should Order Defendants to Pay the Interest Owed on the Overdue $750,000 Payment.................................................................................................4

      C.      The Court Should Order Defendants to Pay PeaceTech's Fees and Costs Incurred Due to Defendants' Breaches .....................................................................5

      D.      The Court Should Order Mr. Pienaar and Pinard to Meet Their Other Obligations Under the Agreement ...........................................................................7

      E.      The Court Should Order that Pinard and Mr. Pienaar Make the Outstanding Payments to PeaceTech.............................................................................................7

      F.      Defendants Are Incorrect that PeaceTech's Motion Was "Abusive" ......................8

CONCLUSION ......................................................................................................................... 8

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. Hosp. Ass'n v. Sullivan*,
   938 F.2d 216 (D.C. Cir. 1991) ................................................................................................5

*Febus v. Guardian First Funding Grp., LLC*
   90 F. Supp. 3d 240 (S.D.N.Y. 2015) .......................................................................................4

*Fitzgerald v. Hampton*,
   545 F. Supp. 53 (D.D.C. 1982) ...............................................................................................5

*Hopkins v. Women's Div., Gen. Bd. of Glob. Ministries*,
   284 F. Supp. 2d 15 (D.D.C. 2003) ..........................................................................................7

*Hutto v. Finney*,
   437 U.S. 678 (1978) ................................................................................................................6

*Synanon Found., Inc. v. Bernstein*,
   517 A.2d 28 (D.C. 1986) .........................................................................................................5

*Wannall v. Honeywell, Inc.*,
   775 F.3d 425 (D.C. Cir. 2014) ................................................................................................7

**Statutes and Rules**

Fed. R. Civ. P. 37(a)(5)(A) ...............................................................................................................6

Plaintiff PeaceTech Lab, Inc. ("PeaceTech"), by its undersigned counsel, respectfully submits this Reply in Support of Its Motion to Enforce Settlement Agreement against Defendants C5 Accelerate LLC ("C5 Accelerate"), Pinard S.a.r.l. ("Pinard"), C5 Holdings S.a.r.l. ("C5 Holdings"), GroundTruth Investor LLC ("GTI"), C5 Capital Ltd. ("C5 Capital"), and Andre Pienaar (collectively, the "Defendants").

## INTRODUCTION

Defendants' Opposition brief (ECF No. 35) raises no convincing arguments that Defendants should not be required to meet their obligations under the Parties' Settlement Agreement. In fact, Defendants fail to even address some of PeaceTech's requested relief. And Defendants raise no arguments at all that they have not been acting willfully and in bad faith, as PeaceTech described in its opening brief (ECF No. 34-1). Instead, Defendants seem to suggest that they should never be required to meet their obligations. Nowhere in their Opposition do Defendants provide any explanation for their repeated breaches. Nowhere in their Opposition do Defendants cite a single case supporting any of their positions or justifying any of their actions. And nowhere in their Opposition do Defendants provide so much as a hint that they will, eventually, make the required payments.

At bottom, because Defendants breached the Parties' Settlement Agreement immediately after signing it and after a long line of other bad-faith conduct that led to the filing of this case, the Court should grant each of the categories of relief PeaceTech requested in its Motion to Enforce the Settlement Agreement.

## LAW AND ARGUMENT

  A. **The Court Should Order Defendants Pienaar and Pinard to Make the Overdue $750,000 Payment**

Defendants Mr. Pienaar and Pinard should be ordered to pay to PeaceTech (or USIP) the outstanding $750,000 that is overdue under the Settlement Agreement.[1]  Defendants do not dispute that payment was due on September 19 or September 20, 2021,[2] that notice of such payment was due to PeaceTech the next business day, and that Defendants have not made the payment.  *See* ECF No. 35 at 3.  Defendants provide neither an explanation for why the payment was late nor a commitment to make it.

Defendants have no serious argument that Mr. Pienaar and Pinard should not be ordered to make the overdue $750,000 payment.  Instead, Defendants argue that a "less than 48-hour delay of the notice [of payment]" should not require the attention of this Court.  ECF No. 35 at 3.  This argument is based on an incorrect premise, provides no basis on which to deny PeaceTech's Motion, and only obscures the facts underlying this dispute.  PeaceTech filed its Motion on October 12, 2021, more than three weeks after the payment was due, not 48 hours.  At that point, Defendants had not made the payment or provided any additional information or explanation to PeaceTech.  Defendants had also already missed the deadline to make the first payment to PeaceTech and refused to pay any interest on it.  Defendants offered no reason for PeaceTech to wait any longer.

Defendants also attempt to portray PeaceTech's rights under the Settlement Agreement as limited to a remedy for the delay in notice, which does not comport with the terms of the

---

[1] While the Settlement Agreement provides the payment should be made to USIP or to PeaceTech if USIP declines the payment, Defendants Mr. Pienaar and Pinard should be required to make the payment directly to PeaceTech for the reasons described in PeaceTech's opening Memorandum (*see* ECF No. 34-1 at 16–17) and below in section E.

[2] Defendants seek to claim an extra day for themselves because September 19 was a Sunday.

2

Agreement. *See* Opp., ECF No. 35 at 3 ("The obligation here is not a payment to Plaintiff; rather, the obligation to Plaintiff is to provide a notice the next business day to Plaintiff that payment has been made to USIP."). The Settlement Agreement specifically states that it "is fully enforceable by any party. For the avoidance of doubt, PeaceTech has the right to enforce the provisions of this Agreement related to the payment directed to USIP." Settlement Agreement, ECF No. 34-5 at 3. In addition, should USIP reject the payment for any reason, payment is to be made promptly to PeaceTech. *Id.* at 1. PeaceTech is fully within its rights to bring the pending Motion and to seek the relief outlined therein.

Though the issue of the overdue $750,000 payment is straightforward, PeaceTech pauses here to make two notes. First, on October 28, 2021, after PeaceTech filed its motion and after Defendants filed their reply, counsel for Defendants wrote to PeaceTech that Defendant Mr. Pienaar was at that time prepared to transfer securities to USIP as the form of payment and asked if PeaceTech would agree that a transfer of securities would be acceptable. *See* Exhibit A at 3, Email correspondence between Teddy Baldwin, counsel for Defendants, and Matthew Miller, counsel for PeaceTech. Counsel for PeaceTech replied that it would consider a payment in securities instead of in cash but would need to know more about the securities. *Id.* at 2. Counsel for Defendants provided limited additional information on November 1, 2021, and PeaceTech responded with a request for further details regarding the liquidity of the proposed securities. *Id.* at 1-2. As of the time of this filing, Defendants have not replied. Defendants could, of course, liquidate the securities themselves and make the required payment in cash, as the Settlement Agreement requires. It is not clear that they have a valid reason for not doing so.[3]

---

[3] There should be no dispute that the Settlement Agreement requires payment in cash. It sets a price in cash. Settlement Agreement, ECF No. 34-5 at 1. It requires payment via wire/ACH. *Id.*

3

The second note here is that Defendants characterize the outstanding $750,000 payment as a "charitable pledge payment." *See, e.g.*, Opp., ECF No. 35 at 2. PeaceTech takes no position as to whether or not any payments under the Settlement Agreement are properly categorized as "charitable" contributions.

### B. The Court Should Order Defendants to Pay the Interest Owed on the Overdue $750,000 Payment

After PeaceTech filed its Motion, Defendants paid the interest on the previously overdue $450,000 payment. Defendants have not paid PeaceTech any of the interest owed on the still-overdue $750,000 payment. They should be ordered to do so.

Defendants present two arguments against an order that they pay the interest due under the Settlement Agreement for their late payment. First, Defendants contend that PeaceTech's request for interest is "premature and pointless" because Defendants' breach is continuing and interest continues to accumulate. *See* Opp., ECF No. 35 at 3. On the contrary, the request is not "premature and pointless." There is no dispute that interest is accruing at a rate of $123.29 per day, *see* ECF No. 34-1 at 9, and that it has been accruing since September 19 or 20, 2021. The Court has the information necessary to issue an order: Defendants should pay interest of $123.29 times the number of days between September 19 (or September 20) and the date Defendants make the overdue $750,000 payment.[4]

The alternative is to ask the Parties and the Court to re-litigate the Settlement Agreement each time a payment is due. If past is prologue, that will happen again with respect to this interest payment. So far, Defendants have not met any of their obligations on time. C5 Accelerate was 19

---

And courts have held in similar situations that payments must be in cash, not stock. *See, e.g.*, *Febus v. Guardian First Funding Grp., LLC*, 90 F. Supp. 3d 240, 247 (S.D.N.Y. 2015).

[4] If this breach extends past September 19, 2022, the rate at which interest is accumulating will increase. *See* Settlement Agreement, ECF No. 34-5 at 2.

4

days late in making the first Settlement Agreement payment of $450,000, and it paid only after PeaceTech threatened to move for relief.  Defendants were more than two months late in paying interest on that first late payment, and paid it only after PeaceTech moved for relief.  And they still have not paid any portion of the first $750,000 payment, which is itself now more than six weeks overdue.  PeaceTech therefore respectfully requests that the Court issue an Order addressing the outstanding interest now rather than waiting to do so.

Second, Defendants argue that Defendants other than Mr. Pienaar should not be liable for interest on the overdue $750,000.  *See* Opp., ECF No. 35 at 4.  As Defendants acknowledge, however, the Settlement Agreement does not explicitly make interest due from only the Defendants liable for an underlying payment.  *See* ECF No. 35 at 2, n. 2; ECF No. 34-5 at 2.  After having acted in bad faith, Defendants are not entitled to a favorable reading of the Settlement Agreement.  Nonetheless, at the very least, Defendants Mr. Pienaar and Pinard should be ordered to pay the interest on the overdue $750,000 because Mr. Pienaar is responsible for the underlying payment, and Pinard is jointly and severally liable for it.  ECF No. 34-5 at 2, 6.

### C. The Court Should Order Defendants to Pay PeaceTech's Fees and Costs Incurred Due to Defendants' Breaches

Defendants should be ordered to pay PeaceTech's fees and costs incurred due to Defendants' breaches of the Settlement Agreement, which required PeaceTech to bring the pending Motion in order to "vindicate plain legal rights" after repeated recalcitrance by Defendants in failing to make required payments.  *See Am. Hosp. Ass'n v. Sullivan*, 938 F.2d 216, 220 (D.C. Cir. 1991) (quoting *Fitzgerald v. Hampton*, 545 F. Supp. 53, 57 (D.D.C. 1982)).  Defendants again attempt to deny PeaceTech appropriate relief on the basis that the payment is to be made to USIP, ignoring the clear terms of the Settlement Agreement, which provide that PeaceTech has the right to enforce the provisions of the Agreement related to that payment.  *See* Opp., ECF No. 35 at 5;

Settlement Agreement, ECF No. 34-5 at 3.  This right to enforce the Agreement includes an entitlement to "all relief provided by law or equity, including recovery of monetary damages," which under D.C. law includes the award of attorneys' fees and costs against a party who shows bad faith.  *See* Settlement Agreement, ECF No. 34-5 at 3; *Synanon Found., Inc. v. Bernstein*, 517 A.2d 28, 38 (D.C. 1986) ("An equity court has the unquestioned power to award attorney's fees against a party who shows bad faith . . . ." (quoting *Hutto v. Finney*, 437 U.S. 678, 689 n.14 (1978))).

PeaceTech seeks in its Motion to hold Defendants accountable for breaches of a Settlement Agreement that was entered into by all of the Defendants via one Defendant signing on all of their behalves.  The provisions under the Settlement Agreement under which PeaceTech seeks fees and costs does not limit the relief sought to certain Defendants.  *See* ECF No. 34-5 at 3.  And at least three Defendants—C5 Accelerate, Mr. Pienaar, and Pinard—have been responsible for the late payments.  Given that each Defendant in this action is represented by Mr. Pienaar, who signed the Settlement Agreement on behalf of all Defendants, and given that three Defendants have been explicitly responsible for late payments, PeaceTech respectfully requests this Court to hold all Defendants liable for fees and costs.

At a minimum this Court should hold C5 Accelerate, Pinard, and Mr. Pienaar liable for fees and costs.  These are the Defendants specifically liable for the late payments under the Settlement Agreement.  *See id.* at 1, 5.  Although C5 Accelerate has now made an interest payment, it did so only *after* it had refused to do so and after PeaceTech filed the pending Motion.  *See* ECF No. 35-1.  As would be required under the Federal Rules of Civil Procedure, where a party provides discovery after a motion to compel is filed, C5 Accelerate should be held accountable for PeaceTech's fees and costs.  *See* Fed. R. Civ. P. 37(a)(5)(A) ("If the motion is granted—or if the

disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.").

> D. **The Court Should Order Mr. Pienaar and Pinard to Meet Their Other Obligations Under the Agreement**

Defendants do not specifically dispute that Mr. Pienaar and Pinard should be ordered to meet their other obligations under the Agreement—in particular, by making the third payment of $750,000 to PeaceTech or USIP on time by December 31, 2021, and in full. *See* ECF No. 34-1 at 16. Therefore, the Court "may treat the unaddressed arguments as conceded." *Wannall v. Honeywell, Inc.*, 775 F.3d 425, 428 (D.C. Cir. 2014) (citing *Hopkins v. Women's Div., Gen. Bd. of Glob. Ministries,* 284 F. Supp. 2d 15, 25 (D.D.C. 2003)). In order to avoid further litigation of the Settlement Agreement and to conserve the Court's and the Parties' resources, PeaceTech respectfully requests that the Court order Defendants to meet their other obligations under the Settlement Agreement, including that Pinard and Mr. Pienaar make the third payment of $750,000 on time by December 31, 2021, and in full.

> E. **The Court Should Order that Pinard and Mr. Pienaar Make the Outstanding Payments to PeaceTech**

Defendants also did not specifically dispute PeaceTech's arguments that the Court should order that Pinard and Mr. Pienaar make the two outstanding $750,000 payments to PeaceTech instead of USIP due to the unexplained delay and Defendants' bad faith. *See* ECF No. 34-1 at 16–17. Given that, the Court may treat this argument as conceded and should order the payments be made directly to PeaceTech for the reasons articulated in PeaceTech's opening brief. *See id*.; *Wannall*, 775 F.3d at 428.

### F. Defendants Are Incorrect that PeaceTech's Motion Was "Abusive"

Finally, Defendants are incorrect in their conclusory assertions that PeaceTech's Motion was somehow "abusive." *See* ECF No. 35 at 3–5. Defendants provide no case law citations or other support for these empty statements because there is nothing that could support them. Now, after Defendants have breached their obligations at every turn, all PeaceTech seeks is the relief to which it is entitled under the Settlement Agreement so that it can finally put this matter behind it.

### CONCLUSION

For the foregoing reasons, PeaceTech respectfully requests that the Court grant its Motion to Enforce the Settlement Agreement.

Dated:  November 2, 2021                        COVINGTON & BURLING LLP

By:  /s/ Matthew V. Miller
Benjamin J. Razi (No. 475946)
Matthew V. Miller (No. 1614900)
Maura Sokol (*pro hac vice*)
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-5463
brazi@cov.com
msokol@cov.com

*Attorneys for Plaintiff
PeaceTech Lab, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on November 2, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.


                By:    */s/ Matthew V. Miller*