# EXHIBIT A

# Miller, Matthew V.

| | |
|---|---|
| **From:** | Miller, Matthew V. |
| **Sent:** | Monday, November 01, 2021 10:59 PM |
| **To:** | 'Baldwin, Teddy'; Sokol, Maura |
| **Cc:** | Razi, Benjamin; Martin, David; Mitchell, Adam; Low, Lucinda |
| **Subject:** | RE: PeaceTech v. C5 - Pledge Payment |

Teddy,

We appreciate the information.

The Settlement Agreement, which is the document that controls here, requires payments of $750,000 in cash, not securities. It is unambiguous.

Nonetheless, we are willing to consider a payment in securities instead of in cash if that's what it takes to get these payments made. We would need to know what, specifically, the securities would be. We want to avoid a situation where the stock could not readily be liquidated for $750,000 (adjusting for normal fluctuations in the market between receipt and sale). Shares in a smaller company may not be readily salable for $750,000, even if the current market value of one share times the number of shares transferred would equal $750,000. And shares on an exchange other than NASDAQ or NYSE may be difficult to sell. Defendants could avoid the issue here by selling the securities themselves and transferring cash.

Best regards,
Matt


**Matthew Miller**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5405 | mmiller@cov.com
www.cov.com

**COVINGTON**

---

**From:** Baldwin, Teddy <ebaldwin@Steptoe.com>
**Sent:** Monday, November 01, 2021 12:41 PM
**To:** Miller, Matthew V. <mmiller@cov.com>; Sokol, Maura <MSokol@cov.com>
**Cc:** Razi, Benjamin <brazi@cov.com>; Martin, David <dmartin@cov.com>; Mitchell, Adam <AMitchell@cov.com>; Low, Lucinda <llow@steptoe.com>
**Subject:** RE: PeaceTech v. C5 - Pledge Payment

**[EXTERNAL]**
Dear Matthew,

The securities would be a publicly-traded stock, likely NASDAQ or NYSE traded. There would be no debt on the stock and no restrictions on selling. We understand that USIP sells the securities when it receives them. We further note that

transferring securities instead of cash is a common practice for charitable pledges or donations, as your client must know. Indeed, we understand it to be a common practice for donations made to USIP.

We object to your continuing to improperly refer to "Defendants" instead of to Mr. Pienaar, as the entities making the payment under the pledge agreement. We reserve all rights with respect to this issue.

We note that we solicited your views to avoid further unnecessary litigiousness with respect to the payment issue and not because we believe that you have a right to veto the payment. We further understand that USIP views such a payment of securities as an appropriate payment under the pledge agreement.

Teddy


**Teddy Baldwin**
Partner
ebaldwin@Steptoe.com

# Steptoe

+1 202 429 6203 direct    Steptoe & Johnson LLP
+1 202 429 3902 fax       1330 Connecticut Avenue, NW
                          Washington, DC 20036
                          www.steptoe.com

This message and any attached documents contain information from the law firm Steptoe & Johnson LLP that may be confidential and/or privileged. If you are not the intended recipient, please do not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Miller, Matthew V. <mmiller@cov.com>
**Sent:** Friday, October 29, 2021 12:08 PM
**To:** Baldwin, Teddy <ebaldwin@Steptoe.com>; Sokol, Maura <MSokol@cov.com>
**Cc:** Razi, Benjamin <brazi@cov.com>; Martin, David <dmartin@cov.com>; Mitchell, Adam <AMitchell@cov.com>; Low, Lucinda <llow@steptoe.com>
**Subject:** RE: PeaceTech v. C5 - Pledge Payment

Teddy,

We are willing to consider a payment being made in securities instead of in cash. Before committing, we would need to better understand the proposal and discuss it internally. So that we may better understand the proposal, could you please tell us what securities Defendants would transfer, whether there is any debt attached to the securities, whether there would be any restriction or limitation on sale or use of the securities, and why Defendants propose to transfer securities instead of cash?

Best regards,
Matt

**Matthew Miller**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5405 | mmiller@cov.com
www.cov.com

# COVINGTON

2

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

**From:** Baldwin, Teddy <ebaldwin@Steptoe.com>
**Sent:** Thursday, October 28, 2021 12:52 AM
**To:** Miller, Matthew V. <mmiller@cov.com>; Sokol, Maura <MSokol@cov.com>
**Cc:** Razi, Benjamin <brazi@cov.com>; Martin, David <dmartin@cov.com>; Mitchell, Adam <AMitchell@cov.com>; Low, Lucinda <llow@steptoe.com>
**Subject:** RE: PeaceTech v. C5 - Pledge Payment

[EXTERNAL]
Dear Colleagues:

I write with respect to the $750,000 pledge payment (the "Payment") from Mr. Pienaar to the U.S. Institute of Peace ("USIP"). Mr. Pienaar has been discussing with USIP the mechanics of the Payment. Mr. Pienaar is prepared to transfer securities to USIP as the form of payment. We are told by an officer of USIP that the transfer of securities for pledges or other charitable payments is standard practice at USIP, as it is at other notable nonprofits. We understand that USIP has a long standing policy with respect to accepting such transfers. I understand that USIP is ready to receive the transfer of securities from Mr. Pienaar. Please confirm that your client agrees that such a transfer is an acceptable form of payment under the Settlement Agreement. We believe that such a transfer is appropriate. But we do not want to be in a position of having Mr. Pienaar make such a transfer only to have PeaceTech later argue that a transfer of securities is an improper form of payment.

I am happy to discuss by phone, if useful. We would appreciate hearing from you on this issue as soon as possible.

Teddy

**Teddy Baldwin**
Partner
ebaldwin@Steptoe.com

# Steptoe

+1 202 429 6203 direct         Steptoe & Johnson LLP
+1 202 429 3902 fax            1330 Connecticut Avenue, NW
                               Washington, DC 20036
                               www.steptoe.com

This message and any attached documents contain information from the law firm Steptoe & Johnson LLP that may be confidential and/or privileged. If you are not the intended recipient, please do not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.