UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

**PEACETECH LAB, INC.,**

    **Plaintiff,**

    **v.**                                                                      Civil Action No. 20-922 (JDB)

**C5 ACCELERATE LLC, et al.**

    **Defendants.**

---

### MEMORANDUM OPINION & ORDER

Before the Court is a motion by plaintiff PeaceTech Lab, Inc. ("PeaceTech") to enforce its settlement agreement with the defendants in this matter, Andre Pienaar and five related entities: Pinard S.à.r.l. ("Pinard"); C5 Accelerate LLC ("C5 Accelerate"); C5 Holdings S.à.r.l.; C5 Capital Ltd.; and GroundTruth Investor LLC. See generally Pl.'s Mem. of P. & A. in Supp. of Its Mot. to Enforce Settlement Agreement [ECF No. 34-1] ("Pl.'s Mot."). For the reasons set forth below, the Court will grant the motion in part and deny the motion in part.

### Background

The facts of this litigation are well documented in the parties' filings and in the Court's Memorandum Opinion of January 12, 2021 [ECF No. 26]—the Court thus assumes familiarity with the relevant background. In short, over the course of 2017 and 2018, defendant Andre Pienaar, acting on behalf of various of the defendant entities, entered into multiple agreements with plaintiff PeaceTech but failed to follow through on his obligations. Mem. Op. at 2–3. PeaceTech sued defendants in April 2020 regarding these broken promises, id. at 3, and the parties eventually settled in July 2021, executing a settlement agreement on July 21, 2021 and filing a joint stipulation of dismissal on August 17, 2021, see Stipulation of Dismissal [ECF No. 33]; Pl.'s Ex. C [ECF No. 34-5] (the "Agreement"). The Court then dismissed the action but, at the parties'

1

request, retained jurisdiction in order to enforce the terms of the settlement agreement if necessary. See Min. Order, Aug. 18, 2021; Stipulation of Dismissal at 1.

PeaceTech now asks the Court to do exactly that.  The parties' settlement agreement, executed on July 21, 2021, envisioned three payments.  First, C5 Accelerate promised to pay PeaceTech $450,000 within two days of the execution of the Agreement (July 23, 2021). Agreement at 1.  Then, Pienaar—with whom Pinard is jointly and severally liable, see id. at 5— would make two payments totaling $1.5 million, with the first $750,000 installment due sixty days after the agreement date (September 19, 2021) and the second due December 31, 2021.  Id. at 1. These payments were to be made not to PeaceTech but to the United States Institute for Peace ("USIP"); however, if USIP "decline[d] any part of the Settlement Payment from Mr. Pienaar, then payment in the same amount [would] be promptly made to PeaceTech."  Id.  In addition, Pienaar was to "place no limitations or restrictions" on the payments to USIP, id.; he was to inform PeaceTech of the payments on the business day after they were made, id.; and any late payments would accrue interest at a rate of 6% per annum, interest which would be paid to PeaceTech, id. at 2.  The agreement also specified that "PeaceTech has the right to enforce the provisions of th[e] Agreement related to the payment directed to USIP."  Id. at 3.

Things did not go as planned.  C5 Accelerate failed to make its July 23 payment of $450,000 in a timely fashion, tendering $100,000 on July 27 and the remaining $350,000 on August 11.  Pl.'s Mot. at 6–7; Pl.'s Ex. D [ECF No. 34-6]; Pl.'s Ex. F [ECF No. 34-8].  Neither of those payments included interest.  See Pl.'s Exs. D & F.  Then, Pienaar failed to make the September 19 payment of $750,000.  Pl.'s Mot. at 8.  Although his counsel eventually represented that Pienaar was "in 'discussions'" with USIP regarding the payment, see Decl. of Matthew V. Miller in Supp. of Pl.'s Mot. [ECF No. 34-4] ("Miller Decl.") ¶ 12, the September 19 payment is

still outstanding and accruing interest nearly three months after Pienaar agreed to pay it, id. ¶¶ 13–14; Pl.'s Mot. at 8–9.

PeaceTech brought the present motion to enforce the settlement agreement on October 12, 2021.  See generally Pl.'s Mot.  PeaceTech asks the Court to: (1) order Pienaar and Pinard to pay USIP or PeaceTech the outstanding $750,000; (2) order defendants to pay interest on all late payments as required by the Agreement; (3) award PeaceTech the costs and attorney's fees incurred due to defendants' failure to abide by the Agreement; and (4) order Pienaar and Pinard to make the December 31 payment in full and on time.  See id. at 1–2.  Briefing is complete, and the motion is ripe for decision.

## Analysis

When a lawsuit in federal court settles, the court before which the matter was pending possesses ancillary jurisdiction to enforce the parties' settlement agreement only if the court "either incorporated the agreement's terms into the dismissal order or expressly retained jurisdiction over the agreement."  T St. Dev., LLC v. Dereje & Dereje, 586 F.3d 6, 11 (D.C. Cir. 2009) (applying Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994)); accord DC Soccer, LLC v. CapX Off. Sols., LLC, Civ. A. No. 19-3163 (BAH), 2021 WL 1061206, at *3 (D.D.C. Mar. 18, 2021); see also Shaffer v. Veneman, 325 F.3d 370, 373–74 (D.C. Cir. 2003) ("In short, a party that wants the court to retain jurisdiction over its settlement agreement should request that the district court do so in its order of dismissal.").  In this case, the Court took the latter route, specifically stating in its order dismissing the action that "the Court shall retain jurisdiction over this matter solely to enforce the terms of the parties' settlement agreement."  Min. Order, Aug. 18, 2021; see also Agreement at 2 ("The Parties agree that the United States District Court, District of Columbia,

shall retain jurisdiction to enforce this Agreement."). Thus, this Court possesses ancillary jurisdiction to enforce the parties' settlement agreement in this matter.

Under D.C. law, "[s]ettlement agreements are construed under 'general principles of contract law,'" and courts will "enforce a valid and binding settlement agreement just like 'any other contract.'" In re Estate of Drake, 4 A.3d 450, 454 (D.C. 2010) (quoting Dyer v. Bilaal, 983 A.2d 349, 354 (D.C. 2009)). "The District [of Columbia] applies an objective law of contracts and looks to the written language of the parties to determine the reasonable interpretation of the agreement." In re Robertson, 940 A.2d 1050, 1059 (D.C. 2008). "[B]arring 'fraud, duress, or mutual mistake[,]' . . . 'the written language embodying the terms of an agreement will govern the rights and liabilities of the parties unless it is not susceptible of a clear and definite undertaking." Jacobson Holman, PLLC v. Gentner, 244 A.3d 690, 695 (D.C. 2021) (cleaned up) (quoting DSP Venture Grp., Inc. v. Allen, 830 A.2d 850, 852 (D.C. 2003)).

## I. The Outstanding $750,000 Payment

PeaceTech first asks the Court to order defendant Andre Pienaar—with whom Pinard S.à.r.l. is jointly and severally liable, see Agreement at 5—to make the $750,000 payment that was due on September 19, 2021. The Agreement unambiguously required Pienaar to pay $750,000 to USIP or to PeaceTech by September 19, 2021. It is undisputed that he has failed to do so, thereby breaching the agreement. See Opp'n to PeaceTech Lab's Mot. to Enforce Settlement Agreement [ECF No. 35] ("Defs.' Opp'n") (not contesting that Pienaar has not made the payment); see also Washington Nationals Stadium, LLC v. Arenas, Parks & Stadium Sols., Inc., 192 A.3d 581, 586 (D.C. 2018) ("'A contract is breached if a party fails to perform when performance is due,' at which time the cause of action accrues . . . ." (cleaned up) (quoting Eastbanc, Inc. v. Georgetown Park Assocs. II, L.P., 940 A.2d 996, 1004 (D.C. 2008)). At no time has Pienaar offered an

4

explanation for his failure to pay the agreed-upon sum at the agreed-upon time.[1]  In the Court's view, then, an order compelling Pienaar to comply with his obligations under the Agreement is warranted.

Defendants offer no reason why the Court should not issue such an order.  At most, defendants fault PeaceTech for seeking the Court's intervention too quickly: "If every litigant brought a motion before the courts when a payment was 48-hours late," defendants say, "the courts would certainly be flooded."  Defs.' Opp'n at 3–4.  Even if defendants' contention was factually correct—it is not: PeaceTech sought to meet and confer two days after Pienaar failed to pay, but it did not actually file its motion to enforce until October 12—prompt resort to judicial process is not a reason for the Court not to order Pienaar and/or Pinard to comply with obligations they themselves negotiated.  Since defendants neither contest the validity of the settlement agreement, nor dispute PeaceTech's description of the facts, nor offer any justification for their delinquency— and because PeaceTech is well within its rights to enforce this provision of the Agreement, see Agreement at 3—the Court will order Pienaar and/or Pinard to tender the outstanding $750,000 payment according to the terms of the Agreement by not later than December 22, 2021.

## II.   **Interest on the Delinquent Payments**

PeaceTech next asks the Court to order defendants to pay any interest owed on their late payments.  After PeaceTech filed the instant motion, however, C5 Accelerate paid the interest which had been outstanding on its $450,000 payment, see Defs.' Opp'n at 2; Defs.' Ex. A [ECF No. 35-1], and the Court agrees that this aspect of Peacetech's motion is now moot, as it is "impossible for [the Court] to grant 'any effectual relief'" with respect to C5 Accelerate's

---

[1] It is worth mentioning that, during the pendency of this motion, Pienaar inquired about satisfying his obligation by transferring certain securities to PeaceTech.  See Pl.'s Reply in Supp. of Pl.'s Mot. [ECF No. 36] ("Pl.'s Reply") at 3.  When Peacetech asked for additional details, however, Pienaar did not respond and has, to the Court's knowledge, taken no further steps toward satisfying his debt.  Id.

delinquent interest payments, <u>Zukerman v. U.S. Postal Serv.</u>, 961 F.3d 431, 442 (D.C. Cir. 2020) (quoting <u>Knox v. Serv. Emps. Int'l Union, Local 100</u>, 567 U.S. 298, 307 (2012)).

PeaceTech also asks the Court to order "defendants" to pay the interest owed on the delinquent September 19 payment, but defendants raise two objections.  First, since the payment has not yet been made, they argue that "the interest amount is not yet fixed" and "[i]t is premature and pointless to request this Court to order something that is at this point uncertain."  Defs.' Opp'n at 3.  This objection is meritless.  The amount of interest owed on the September 19 payment is easily calculable using basic arithmetic.  Indeed, PeaceTech has helpfully already performed this calculation, <u>see</u> Pl.'s Mot. at 13 & nn.9–10, and defendants do not challenge its accuracy: at six percent per annum (non-compounding, it seems), a sum of $750,000 accrues $123.29 in interest every day.  Ordering a party to multiply that number by the number of days the payment has been due is hardly too indefinite to be "pointless," even without specifying a sum certain.

Second, defendants contend that PeaceTech's request is "abusive" because it asks the Court to hold all six defendants liable for the interest even though only Pienaar and Pinard are responsible for the underlying payment.  Defs.' Opp'n at 4.  Although the Court suspects that this "abusive" request stems from imprecise drafting rather than specific intent, PeaceTech did indeed request that "Defendants . . . be ordered to pay PeaceTech the interest owed on" the late payments, Pl.'s Mot. at 12, <u>see also</u> <u>id.</u> at 2, with "Defendants" previously defined  to refer collectively to all six defendants in this action, <u>id.</u> at 1.  PeaceTech then doubled down in its reply brief, arguing that all six defendants are liable for the interest because "the Settlement Agreement does not explicitly make interest due from only the Defendants liable for an underlying payment" and, "[a]fter having acted in bad faith, Defendants are not entitled to a favorable reading of the Settlement Agreement." Pl.'s Reply in Supp. of Pl.'s Mot. [ECF No. 36] ("Pl.'s Reply") at 5.

At the outset, neither party is "entitled to a favorable reading" of the Agreement; as the Agreement itself instructs, the Court will "construe[] [the Agreement] as a whole and according to its fair meaning" without applying "[a]ny presumption . . . that the language is to be construed against any party."  Agreement at 5; see also, e.g., Carlyle Inv. Mgmt., LLC v. Ace Am. Ins. Co., 131 A.3d 886, 895 (D.C. 2016) ("The writing must be interpreted as a whole, giving a reasonable, lawful, and effective meaning to all its terms, and ascertaining the meaning in light of all the circumstances surrounding the parties at the time the contract was made." (quoting Debnam v. Crane Co., 976 A.2d 193, 197 (D.C. 2009))).

PeaceTech is correct that the Agreement does not specify who must pay the interest on a late payment: "In the event any payment described in this section is not made in full by the relevant deadline for payment listed herein, the Parties agree that interest on that payment shall thereafter accrue at a rate of 6% per annum.  All interest payments under this provision shall be paid to PeaceTech . . . ."  Agreement at 2.  But this provision must require someone to pay the interest; a contrary construction would be absurd, as it would render the provision null and void.  The question, then, is whether only the party responsible for the underlying payment must pay interest, or if the Agreement makes all six defendants liable for those payments.

The Court concludes it is the former.  The text of the Agreement hooks the interest payments to the underlying payment obligation by referring to "interest on that payment," suggesting reciprocal obligations between the underlying payment and the interest.  Agreement at 2 (emphasis added).  Indeed, PeaceTech concedes the reasonableness of this interpretation, agreeing that, "at the very least," Pienaar is responsible for the interest on the overdue payments "because [he] is responsible for the underlying payment."  Pl.'s Reply at 5.  Conversely, the Court sees no indication, textual or otherwise, that by failing to specify a payor for the interest payments

the parties intended to make three defendants with no other obligations under the Agreement liable for interest on a delinquent payment by a different entity.  The Court thus interprets the Agreement to make only Pienaar (the party directly responsible for the underlying payments) and Pinard (jointly and severally liable with Pienaar for those payments) liable for the interest on the late September 19 payment.

There is no dispute, however, that PeaceTech is indeed owed interest on that late payment. Having resolved who must pay said interest and rejected defendant's challenge to the timing of PeaceTech's request, the Court will order that, by not later than December 22, 2021, Pienaar and/or Pinard shall pay to PeaceTech the interest that has accrued on the September 19 payment, in an amount to be calculated by multiplying $123.29 by the number of calendar days between September 19, 2021 and the date on which Pienaar and/or Pinard tenders the $750,000 payment to USIP or PeaceTech.  Assuming Pienaar and/or Pinard comply with this Order and make the required payment by December 22, 2021 (ninety-four days late), their interest obligation will total $11,589.26.

## III.   <u>Attorney's Fees</u>

PeaceTech next asks the Court to award it attorney's fees and costs incurred due to defendants' non-compliance with the Agreement.  Its argument supporting a fee award proceeds syllogistically in three steps: (1) the Agreement gives the non-breaching party the right "to obtain all relief provided by law or equity," Agreement at 3; (2) courts in equity may award attorney's fees for, among other reasons, bad faith, Pl.'s Mot. at 14–15 (citing <u>Synanon Found., Inc. v. Bernstein</u>, 517 A.2d 28, 38 (D.C. 1986)); and (3) defendants, by breaching the Agreement and forcing PeaceTech to seek an enforcement order, acted in bad faith, <u>id.</u> at 14–16.

Unfortunately for PeaceTech, its request for attorney's fees is not writing on a blank slate; rather, the Agreement specifically addresses attorney's fees.  In Recital C, the parties agreed to

8

"pay their own attorneys' fees and costs in this Litigation."  Agreement at 2.  "Litigation" with a capital "L" is a defined term in the Agreement, referring to "the lawsuit filed by PeaceTech against Defendants entitled <u>PeaceTech Lab. Inc. v. C5 Accelerate LLC, et al.</u>, in the U.S. District Court for the District of Columbia, Case No. 1:20-cv-922 (JDB)."  <u>Id.</u> at 1.  In addition, Recital D states that "[e]xcept as provided in this Agreement, neither Party shall seek any compensation or benefits of any kind or nature from the other Party, including . . . attorneys' fees, with respect to . . . any other claims pertaining to or arising from the Litigation."  <u>Id.</u> at 2.  Defendants argue that the terms of the Agreement thus preclude an award of attorney's fees for PeaceTech's motion.  Defs.' Opp'n at 4–5.

The Court agrees.  The present motion is part of "this Litigation" as defined by the Agreement, and PeaceTech's request for attorney's fees, regardless of whether defendants acted in bad faith, is precluded by the terms of the Agreement.  A literal application of the Agreement's definition of "Litigation" supports this conclusion.  PeaceTech seeks to enforce the Agreement not by filing a new complaint (the only way to "commence[]" a new "civil action" in federal court, <u>see</u> Fed. R. Civ. P. 3) but by filing a motion in "the lawsuit . . . entitled <u>PeaceTech Lab. Inc. v. C5 Accelerate LLC, et al.</u>, . . . Case No. 1:20-cv-922 (JDB)."  In addition, this Court—at the parties' request—"retain[ed] jurisdiction <u>over this matter</u>" in order "to enforce the terms of" the Agreement.  Min. Order, Aug. 18, 2021; <u>see</u> Stipulation of Dismissal at 1.  The language of retention strongly suggests continuity between the underlying lawsuit and any future enforcement proceedings; by retaining jurisdiction, the Court essentially extended the "matter" to include any attempts to enforce the Agreement.  Indeed, under <u>Kokkonen</u> and its progeny, it is doubtful that this Court would have jurisdiction over the instant motion if it was <u>not</u> part of the same lawsuit as the merits—construing the present motion as a new suit would render it merely "a claim for breach

of a contract, part of the consideration for which was dismissal of an earlier federal suit" and the enforcement of which "is for state courts[] unless there is some independent basis for federal jurisdiction." <u>Kokkonen</u>, 511 U.S. at 381–82.  The Court thus concludes that the instant motion is "in this Litigation" as defined in the Agreement and is therefore subject to Recital C's promise that the parties "shall pay their own attorneys' fees."[2]  Agreement at 2.  The plain language of the Agreement precludes the award of attorney's fees sought by PeaceTech.

This conclusion is bolstered by the fact that the Agreement obviously contemplates the possibility of post-dismissal enforcement proceedings yet includes no exceptions to the broad and unambiguous provision of Recital C.  <u>See</u> Agreement at 2 (providing that this Court would retain jurisdiction to enforce the Agreement); <u>id.</u> at 3 (providing the right of either party to enforce the agreement and specifying PeaceTech's ability to enforce the provisions requiring payment to USIP).  The present situation is thus not some unforeseen circumstance disrupting the parties' expectations.  It would have been easy to include a clause in the Agreement permitting the non-breaching party to seek attorney's fees with respect to a motion to enforce, yet the parties did not do so.  Even acting as a court of equity, the Court may not rewrite the terms of the Agreement because PeaceTech now wishes it had been more specific about an eminently foreseeable scenario. The Court will thus deny PeaceTech's request for an award of attorney's fees and costs.

## IV.    <u>Order Regarding the December 31 Payment</u>

Finally, PeaceTech requests that the Court issue a forward-looking order commanding Pienaar to make his December 31 payment of $750,000 in full and on time.  Pl.'s Mot. at 16.  But PeaceTech has made no allegation—nor could it—that Pienaar is in breach of this part of the

---

[2] Even if the motion is not "<u>in</u> this Litigation," it certainly constitutes a "claim[] <u>pertaining to or arising from</u> the Litigation" and is therefore subject to Recital D's functionally identical bar on recovering fees and costs. Agreement at 2 (emphasis added).

Agreement: one cannot be delinquent on a payment that has not yet come due.  So, although there is a strong circumstantial case that Pienaar is <u>unlikely</u> to make the December 31 payment on time, the Court will not issue an order compelling him to do something he is already legally obligated to do.  However, history is not on Pienaar's side when it comes to making timely payments to PeaceTech and/or USIP, and the Court desires a prompt and efficient resolution of this matter should Pienaar (again) fail to fulfill his obligations come the 31st.  Accordingly, the Court will order the parties to submit a joint status report by not later than January 5, 2022, advising the Court of the status of the December 31 payment and of defendants' compliance with this Order.  At that time, PeaceTech may, if appropriate, reiterate its request for a court order compelling that payment.

\*       \*       \*       \*       \*

For the foregoing reasons, and upon consideration of [34] plaintiff's motion to enforce the settlement agreement, and the entire record herein, it is hereby

**ORDERED** that the motion is **GRANTED IN PART AND DENIED IN PART**; it is further

**ORDERED** that defendant Andre Pienaar and/or defendant Pinard S.à.r.l. shall, by not later than December 22, 2021, pay the amount of $750,000 to the United States Institute for Peace or, if applicable under the terms of the Agreement, to PeaceTech, using the procedures set forth in the Agreement; it is further

**ORDERED** that Pienaar and/or Pinard shall, by not later than December 22, 2021, pay to PeaceTech the interest that has accrued on said $750,000 payment, to be calculated by multiplying $123.29 by the number of calendar days from September 19, 2021 to the date on which the payment is tendered; and it is further

**ORDERED** that the parties shall file a joint status report by not later than January 5, 2022,

advising the Court of the status of the $750,000 payment due on December 31, 2021 and of

defendants' compliance with this Order.

**SO ORDERED**.

_____
/s/

JOHN D. BATES
United States District Judge

Dated: <u>December 16, 2021</u>