UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PEACETECH LAB, INC., | ) |
|                 Plaintiff, | ) |
| v. | ) C.A. No. 1:20-cv-922-JDB |
| C5 ACCELERATE LLC, PINARD S.A.R.L., C5 HOLDINGS S.A.R.L., GROUNDTRUTH INVESTOR LLC, MR. ANDRE PIENAAR, C5 CAPITAL LTD. | ) |
|                 Defendants. | ) |

**JOINT STATUS REPORT**

Pursuant to the Court's December 16, 2021 Order (ECF No. 37) (the "December 16 Order") and the Court's January 5, 2022 Minute Order (the "January 5 Order"), Plaintiff PeaceTech Lab, Inc. and Defendants C5 Accelerate LLC, C5 Holdings S.à.r.l., GroundTruth Investor LLC, Andre Pienaar, and C5 Capital LTD (all collectively, the "Parties") jointly and respectfully submit this Joint Status Report "advising the Court of the status of defendants' outstanding payments and of defendants' compliance with [37] the Court's previous Memorandum Opinion & Order." *See* the January 5 Order.

As described in the Parties January 5, 2022 Joint Status Report, three payments remained outstanding as of that date: (1) an interest payment of $12,329 due from Defendants Mr. Pienaar and/or Pinard to Plaintiff PeaceTech; (2) a payment of $500,000 due from Mr. Pienaar and/or Pinard to either third-party the United States Institute for Peace ("USIP") or to PeaceTech; and (3) an interest payment due from Mr. Pienaar and/or Pinard to PeaceTech in the amount of $82.19 per

day times the number of days between December 31, 2021 and the day the $500,000 payment was made. *See* ECF No. 38 at 1–2; ECF No. 37 at 11–12.

Defendants report that on January 18, 2022, Defendant Mr. Pienaar had a wire transfer of $513,718 made on his behalf to third-party USIP.

**Plaintiff's Additional Statement**

Plaintiff PeaceTech respectfully requests that the Court order Mr. Pienaar and/or Pinard to pay the interest at issue here—$13,808.42[1]—directly to PeaceTech, notwithstanding Defendants' recent purported over-payment to third-party USIP. The Parties agreed in their Settlement Agreement that, "All interest payments under this provision shall be paid to PeaceTech, whether they stem from a settlement payment due to PeaceTech or to a settlement payment due to USIP." ECF No. 34-5 at 3. The Court's December 16 Order reflected that. The Court ordered "that Pienaar and/or Pinard shall, by not later than December 22, 2021, pay **to PeaceTech** the interest that has accrued on said $750,000 payment, to be calculated by multiplying $123.29 by the number of calendar days from September 19, 2021 to the date on which the payment is tendered." ECF No. 37 at 11 (emphasis added).

This is significant because, while PeaceTech retains some formal links to USIP, they are separate entities. *See generally* ECF No. 34-3 at ¶ 4. It should not be incumbent upon PeaceTech to attempt to have USIP route to it the over-payment Mr. Pienaar says he made this week, nor should it be incumbent upon PeaceTech to bear the risk that USIP will not do so.

---

[1] $12,329 (the interest on the previously overdue $750,000 payment to USIP) + ($82.19/day * 18 days) (the interest on the more recently made $500,000 payment to USIP) = $13,808.42. *See* December 16 Order, ECF No. 37 at 11–12; January 5 Joint Status Report, ECF No. 38 at 1–2.

**Defendants' Additional Statement**

Mr. Pienaar has made payments of $1,500,000 to the United States Institute for Peace pursuant to a charitable pledge. When making the final payment to the USIP, Mr. Pienaar sent the interest from the charitable pledge payments to the USIP. Mr. Pienaar has been coordinating these payments with the USIP. In addition, Mr. Pienaar has a good working relationship with the USIP. Mr. Pienaar will have the USIP send the interest payment to PeaceTech.

It is inconceivable that the USIP—a well-respected, national, independent, institute—would not send the interest payment to PeaceTech, to which USIP retains some formal links. Nevertheless, should the inconceivable occur, the Court still retains jurisdiction over the Settlement Agreement and could provide a remedy. At this point, the issue is not ripe as PeaceTech refuses to request the USIP to send the interest payment and Mr. Pienaar has not had the opportunity to do so as the Plaintiff just raised this issue.

Dated: January 19, 2022

By: /s/ Edward Baldwin
STEPTOE & JOHNSON
1330 Connecticut Avenue NW
Washington, DC 20036
Tel: (202) 429-3000
Fax: (202) 429-3902
ebaldwin@steptoe.com

*Attorneys for Defendants C5 Accelerate LLC, C5 Holdings S.A.R.L., GroundTruth Investor LLC, Andre Pienaar, and C5 Capital LTD*

By: /s/ Matthew V. Miller
COVINGTON & BURLING LLP
Benjamin J. Razi (No. 475946)
Matthew V. Miller (No. 1614900)
Maura Sokol (pro hac vice)
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-5463
brazi@cov.com, mmiller@cov.com, msokol@cov.com

*Attorneys for Plaintiff PeaceTech Lab, Inc.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 19, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

                       By:    */s/ Matthew V. Miller*