# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PEACETECH LAB, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 1:20-cv-922-JDB |
| | ) |
| C5 ACCELERATE LLC, PINARD S.A.R.L., C5 HOLDINGS S.A.R.L., GROUNDTRUTH INVESTOR LLC, MR. ANDRE PIENAAR, C5 CAPITAL LTD. | ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## THIRD JOINT STATUS REPORT

Pursuant to the Court's December 16, 2021 Order (ECF No. 37) (the "December 16 Order"), the Court's January 5, 2022 Minute Order (the "January 5 Order"), and the Court's January 20, 2022 Minute Order (the "January 20 Order"), Plaintiff PeaceTech Lab, Inc. and Defendants C5 Accelerate LLC, Pinard S.à.r.l., C5 Holdings S.à.r.l., GroundTruth Investor LLC, Andre Pienaar, and C5 Capital LTD (all collectively, the "Parties") jointly and respectfully submit this Third Joint Status Report "advising the Court on the status of plaintiff PeaceTech's good faith efforts to recover from USIP the interest payment that defendant Pienaar erroneously made to USIP." *See* the January 20 Order.

As of the date of this filing, third party the United States Institute of Peace ("USIP") has not received the $513,718 described in the Parties' January 19, 2021 status report (ECF No. 39).

### Plaintiff's Additional Statement

Despite Defendants' representations in the Parties' January 19 Status Report (ECF No. 39), three payments stemming from the Parties' Settlement Agreement in this case (ECF No. 34-5)

remain outstanding: (1) $12,329 in interest due to PeaceTech from a tardy $750,000 payment, which the Court ordered paid by December 22, 2021; (2) $500,000 of a second $750,000 payment that was due to PeaceTech or third party USIP by December 31, 2021; and (3) interest owed to PeaceTech on that still-outstanding $500,000 payment, which is accruing at a rate of $82.19 per day.[1]  *See* Settlement Agreement, ECF No. 34-5 at 1–2; December 16 Order, ECF No. 37 at 11–12.  In the Parties' last joint status report (ECF No. 39), Defendant Mr. Pienaar appears to have lied to the Court about making the $500,000 settlement payment and the interest payments.  Contrary to those representations, Mr. Pienaar had apparently not made those payments, and they remain outstanding.

Mr. Pienaar and Defendant Pinard (with whom Mr. Pienaar is jointly and severally liable)[2] should be sanctioned for their apparent misrepresentations to the Court, their continued defiance of the Court's December 16 Order, and their ongoing breaches of the Parties' July 21, 2021 Settlement Agreement (ECF No. 34-5).  Specifically:

1. After years of breaching agreements with PeaceTech before this litigation, Defendants began breaching the Settlement Agreement that should have ended this litigation within 48 hours of signing it.  *See* December 16 Order, ECF No. 37 at 1; Settlement Agreement, ECF No. 34-1 at 4–7.  Defendants made none of the three payments required in the Settlement Agreement on time and in full.

2. After the Court ruled on PeaceTech's motion to enforce the settlement agreement, Mr. Pienaar and Pinard failed to make the first of two $750,000 settlement payments by December 22, 2021, as the Court had ordered.  *See* December 20

---

[1] ($500,000 * 0.06) / 365 days = $82.19 per day.
[2] *See* December 16 Order, ECF No. 37 at 2, 4, 8; Settlement Agreement, ECF No. 34-5 at 1–2, 5.

Order, ECF No. 37 at 11; January 5 Status Report, ECF No. 38 at 1 (reporting payment made December 28, 2021).

3. Mr. Pienaar and Pinard failed to pay the interest owed on that first late $750,000 payment by December 22, 2021, as the Court had ordered. *See* December 20 Order, ECF No. 37 at 11. In the Parties' January 5 Status Report, Defendants stated, "Mr. Pienaar intends to make this interest payment to PeaceTech by January 12, 2022." ECF No. 38 at 2. Despite that statement (and a later statement, addressed below, that Mr. Pienaar did make the interest payment on January 18, 2022), the interest on the first $750,000 remains outstanding in the amount of $12,329.

4. Mr. Pienaar and Pinard also failed to make the full second $750,000 payment by December 31, 2021, as required by the Settlement Agreement. *See* ECF No. 37 at 12; ECF No. 34-5 at 1. On December 28, 2021, Mr. Pienaar made a payment of $1,000,000 to USIP, covering the first $750,000 payment and a portion of the second $750,000. *See* January 5 Joint Status Report, ECF No. 38 at 1–2. In the Parties' January 5 Status Report, Defendants stated, "By January 12, 2022, Mr. Pienaar intends to pay (a) the remaining $500,000 payment and (b) the interest on it." ECF No. 38 at 2. Despite that statement (and a later statement, addressed below, that Mr. Pienaar did make the principal and interest payments on January 18, 2022), the $500,000 payment remains outstanding, and interest on it continues to accrue.

5. In the Parties' January 19 Status Report, Defendants reported, "that on January 18, 2022, Defendant Mr. Pienaar had a wire transfer of $513,718 made on his behalf to third-party USIP." ECF No. 39 at 2.

3

Given that USIP has not received the money purportedly wired more than two weeks ago, it appears that Defendants' January 19 statement to the Court was false. Moreover, Defendants' have not provided proof of payment in response to PeaceTech's requests for confirmation. On January 26, 2022, counsel for PeaceTech wrote to counsel for Defendants to state that USIP had not yet received the payment purportedly made January 18, to ask if payment had, in fact, been made, and to request a receipt confirming the payment, as counsel for Defendants had previously stated he expected to send on January 19. Plaintiff's Ex. 1 at 3. Counsel for Defendants did not respond.[3] On February 2, 2022, counsel for PeaceTech wrote again, and counsel for Defendants separately replied that he should be able to provide a response on February 3. Plaintiff's Ex. 1 at 2. Counsel for Defendants wrote to counsel for PeaceTech on February 4 to inform them that he would be checking to confirm whether the USIP had received the $513,718 and would report back. *Id.* at 2. Later that day, counsel for PeaceTech wrote to inform counsel for Defendants that USIP still had not received payment, and again requested documentation confirming the payment had been made. *Id.* at 1. Defendants have not provided any documentation confirming payment.[4] *Id.*

In light of the foregoing, PeaceTech respectfully requests an Order that, within two business days of the Court's Order, Defendants Mr. Pienaar and Pinard make the outstanding $500,000 payment and pay the interest on it.[5]

Additionally, Mr. Pienaar and Pinard should be sanctioned for their apparent misrepresentations, their defiance of the Court's Order, their breaches of the Parties' Settlement

---

[3] On February 1, 2022, in a separate discussion between Defendants and USIP, USIP confirmed to Mr. Pienaar that the payment had not been received. Defendants' Ex. 1 at 1.

[4] Nor has counsel for PeaceTech received a delivery with the interest payment described in Defendants' February 4 at 12:10 pm email. Plaintiff's Ex. 1 at 2.

[5] An order for the outstanding $12,329 in interest on the first overdue $750,000 payment should be unnecessary because the Court already ordered Mr. Pienaar and Pinard to pay that interest by December 22, 2021. *See* December 16 Order, ECF No. 37 at 11.

Agreement, and their continued bad faith. "It is beyond dispute that courts have the inherent power to sanction parties who disobey judicial orders and engage in bad-faith conduct that violates the integrity of the judicial process." *Pinson v. U.S. Department of Justice*, 104 F. Supp. 3d 30, 36 (D.D.C. 2015). The appropriate sanction could include: an order that Mr. Pienaar and Pinard pay the remaining overdue portion of the second $750,000 payment—some $500,000—directly to PeaceTech, not to USIP; payment of PeaceTech's attorneys' fees incurred since the Court issued its December 16, 2021 Order; or other monetary sanctions.

Separately, pursuant to the Court's January 20 Minute Order, PeaceTech reports that it spoke with USIP personnel and understands that if USIP receives a payment from Defendants that erroneously includes interest due to PeaceTech, USIP would pass the interest payment to PeaceTech.

**Defendants' Additional Statement**

Mr. Pienaar reports that he sent $513,718 from his Luxemburg account to USIP in accordance with the pledge and interest. He is not aware of the reasons that USIP has apparently not received these funds yet but believes they are due to technical issues either by the third-party bank or by USIP's bank. He has not, as of the date of this status report, been able to resolve the issue. He has communicated with USIP regarding this payment. *See* Exhibit 1 to the Joint Status Report. In fact, after informing USIP that the money was wired on 18 January 2022, Mr. Pienaar did not hear directly from USIP that the funds had not been received until the afternoon of February 1, 2022. *Id.*, at p. 1.[6]

---

[6] Although Plaintiff, which was not the recipient of the funds, wrote on January 26, 2022 asserting that it had heard that the funds had not been received by USIP, USIP only informed Mr. Pienaar of this on February 1, 2022. In the past, Plaintiff has been unwilling or unable to obtain information from USIP, which is why Mr. Pienaar reached out to USIP directly.

5

With regard to the interest payment sent to the USIP, Mr. Pienaar received an agreement from the USIP that it will send the interest sent to USIP to Plaintiff. *See id*. In the January 19, 2022 Joint Status Report, Plaintiff asserted that it was unwilling to talk to USIP about sending the interest payment to Plaintiff. Mr. Pienaar had thus intended to send the outstanding interest, as of today, directly to Plaintiff today via a cashier's check. But Mr. Pienaar reports that logistical difficulties arising from anti-money laundering restrictions made that payment today difficult.

Lastly, in addition to the interest payment that the USIP has agreed to transfer, Mr. Pienaar commits to paying any excess interest remaining as of the receipt date of the $513,718 payment by the USIP.

Dated: February 4, 2022

By: /s/ *Edward Baldwin*
STEPTOE & JOHNSON
1330 Connecticut Avenue NW
Washington, DC 20036
Tel: (202) 429-3000
Fax: (202) 429-3902
ebaldwin@steptoe.com

*Attorneys for Defendants C5 Accelerate LLC, C5 Holdings S.A.R.L., GroundTruth Investor LLC, Andre Pienaar, and C5 Capital LTD*

By: /s/ *Matthew V. Miller*
COVINGTON & BURLING LLP
Benjamin J. Razi (No. 475946)
Matthew V. Miller (No. 1614900)
Maura Sokol (pro hac vice)
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-5463
brazi@cov.com, mmiller@cov.com, msokol@cov.com

*Attorneys for Plaintiff PeaceTech Lab, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 4, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

                By:    <u>/s/Matthew V. Miller</u>