UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


PEACETECH LAB, INC.,              .
                                 .
          Plaintiff,             .  CA No. 20-0922 (JDB)
                                 .
     v.                          .
                                 .
C5 ACCELERATE LLC, et al,        .  Washington, D.C.
                                 .  Tuesday, February 15, 2022
          Defendants.            .  10:00 a.m.
. . . . . . . . . . . . . . . .


TRANSCRIPT OF STATUS HEARING
BEFORE THE HONORABLE JOHN D. BATES
UNITED STATES DISTRICT JUDGE


<u>APPEARANCES</u>:

For Plaintiff:                   MATTHEW V. MILLER, ESQ.
                                 MAURA SOKOL, ESQ.
                                 Covington & Burling LLP
                                 850 Tenth Street, NW
                                 Washington, DC 20001
                                 (202) 662-6000

For Defendant:                   EDWARD G. BALDWIN, ESQ.
                                 LUCINDA LOW, ESQ.
                                 Steptoe & Johnson LLP
                                 1330 Connecticut Avenue NW
                                 Washington, DC 20036
                                 (202) 429-3000

Court Reporter:                  BRYAN A. WAYNE, RPR, CRR
                                 U.S. Courthouse, Room 4704-A
                                 333 Constitution Avenue NW
                                 Washington, DC 20001
                                 (202) 354-3186


Proceedings reported by stenotype shorthand.
Transcript produced by computer-aided transcription.

1       P R O C E E D I N G S

2      (Via Videoconference)

3   THE COURT:  Your Honor, we have civil action 20-922,

4 PeaceTech Lab, Inc., versus C5 Accelerate, LLC, et al.  I will

5 ask that plaintiff counsel to identify yourself, anyone that

6 is with you; likewise with the defendants, starting with

7 plaintiff's counsel.

8   MR. MILLER:  Good morning.  This is Matthew Miller

9 on behalf of the plaintiff PeaceTech from Covington and

10 Burling.  I'm joined by my colleagues, David Martin and

11 Maura Sokol.

12   THE COURT:  Good morning.

13   MR. BALDWIN:  Good morning, Your Honor.  This is

14 Edward Baldwin for the defendants.  I'm joined by my

15 colleague, Lucinda Low from Steptoe, and also one of the

16 defendants is on the Zoom, Andre Pienaar.

17   THE COURT:  Good morning to you.  We've had some

18 wrinkles, shall we say, with respect to payments with regard

19 to the settlement.  I had expected, as of the end of last

20 week or beginning of this week, that we might not need this

21 conference, but no one took -- or collectively didn't take

22 advantage of any request to cancel this conference.  So there

23 must be a reason for it.

24  Mr. Miller?

25   MR. MILLER:  Yes, Your Honor.  And no one wants to be

 1    done with this case more than we do, or has wanted to be done

 2    with this case --

 3          THE COURT:  Oh, I don't know.  There may be a dispute

 4    on that.  Everybody may be raising their hands.

 5          MR. MILLER:  That's true, Your Honor.  And I guess

 6    I can say we have been wanting to be done with this case

 7    for quite a while, and we still do, but we nonetheless feel

 8    compelled to bring a few points to the Court's attention about

 9    the payment confirmation that the defendants filed on Friday.

10      There's several indicia in that document to suggest that

11    it's a July 27, 2020, confirmation that was updated to look

12    like a January 18, 2022, payment confirmation.  Yesterday we

13    raised these points in an email to defendant and asked if

14    there was another explanation for what we saw.  Defendants

15    replied, stating that they would not discuss the matter and

16    we could bring it up today.

17          THE COURT:  All right.  I guess that doesn't clarify

18    things completely for me, but, Mr. Baldwin, why don't you add

19    to that.

20          MR. BALDWIN:  Thank you, Your Honor.  As far as I

21    understand, and Mr. Miller can confirm, all the payments have

22    been made.  So the $500,000 payment was made; the interest

23    payments were made.  As you know, the settlement agreement

24    provided for payments by certain dates, but it also provided,

25    as one does, for interest to make up for any delays in

1   payment.  So as we sit here today, and as of at least

2   yesterday, all of the payments have been made.

3        THE COURT:  Mr. Baldwin, does that include a roughly

4   $493 interest payment that had remained outstanding?

5        MR. BALDWIN:  Yes, it does, Your Honor.  That payment

6   was made as well.  And after all those payments were made, I

7   emailed Mr. Miller and requested that there was no reason to

8   have this because all payments had been made including the

9   interest to cover for any late payments, and counsel for

10  plaintiff responded and said that they had some concerns about

11  the document.  When I read those concerns, they strike me as

12  having a very rational, reasonable explanation.

13     But I reached out to Mr. Pienaar, and he attempted to

14  find out what he could find out in that short period of time

15  between their email of yesterday and today.  Of course, the

16  purpose of our email was to have them confirm that the

17  payments were made and also to suggest there was no reason

18  to be troubling the Court today with this.  So this is where

19  we are.

20     We would object to an assertion that there's indicia of

21  it being something else by looking at different things in the

22  documents, but we're ready to discuss any of that today if

23  need be.  But we think that the case is over.  The payments

24  have been made, Mr. Pienaar made his submission, the report

25  that we made on Friday, and we don't believe that there's a

1 reason to continue these discussions.

2  THE COURT:  All right.  Let me interject an

3 observation.  I can understand why there might be some

4 disagreement here with respect to the niceties of the payments

5 having been made timely, et cetera, but the question today

6 in this hearing is, why are you before me, and what are you

7 seeking from me?  Because if it's only in order to allow the

8 two sides to discuss those issues and to scold one another,

9 or mainly for the plaintiff to scold the defendants, I don't

10 need to be here for that.  You can have that discussion.

11  What you are seeking from me is the question.  Why are

12 we having that hearing?  What is the Court now asked to do

13 or going to be asked to do?

14  Mr. Miller, I have to turn back to you for that, because

15 you seem to be, at least on behalf of your client, the ones

16 who want this aired in front of me.  But I don't understand

17 where it's going in front of me, because there's nothing for

18 me to do, and I'm not being paid as a federal judge to listen

19 to counsel quarreling about the history of this.

20  MR. MILLER:  Understood, Your Honor.  And we don't

21 want to bring this to you to air grievances or to have a

22 discussion with the defendants.  Rather, the Court ordered

23 that the defendants show a proof of payment.  There are six

24 curious aspects about the defendant's proof of payment that

25 suggest that it may not be what it seems.  We merely wanted

1    to bring those to the Court's attention without seeking any

2    particular relief.  We don't have any particular relief in

3    mind.

4           THE COURT:  All right.  Well, that is so noted.  And as

5    I said, I do think that there is some continuing concern over

6    just how things transpired here and that, to the extent there

7    is fault, it obviously would be pointed towards the defendants

8    in this matter because they were the ones responsible for

9    making the payments.

10      But having heard you, and being where we are, I'm prepared

11   to say good-bye because I don't see anything for me to do,

12   anything that I'm being requested to do, and no one is

13   arguing, I take it, that there is any money now due and owing.

14   And no one is arguing for the Court to impose any kind of

15   sanction with respect to what has transpired.

16      Do I have a correct, Mr. Miller?

17          MR. MILLER:  That's correct, Your Honor.  We're not

18   seeking a sanction, and if the Court is not inclined to hear

19   what these indicia are, we have nothing further.

20          THE COURT:  Well, if you want to tell them to me, you

21   can, but I'd like to know what the purpose is other than my

22   being able to sit back and say, oh, okay, well, I don't think

23   Mr. Pienaar and his colleagues, and perhaps his attorneys,

24   handled this quite correctly.

25      But I'm not going to give you any advisory opinion on that.

1    You're not going to hear anything from me, because that's not

2    my job, to just scold people once the case is effectively

3    over.  But if you want to make a record, if you feel a

4    necessity for that, take two minutes and make your record.

5         MR. MILLER:  Thank you, Your Honor.  Then I will, and

6    I'll try to keep it to less than two minutes to just state

7    for the record that the metadata in this document show it's

8    a 2020 document.  The line 32(a), swift payment line, show

9    that it's a 2020 payment.  The fonts in many places don't match

10   up.  The "to" in 2022 in the date line does not match up.

11      There are other indicia that raise questions about this

12   document, but as Your Honor said, we're not seeking any

13   particular relief.  So unless Your Honor would like more

14   detail, which I understand the Court does not, I don't want

15   to take any more of the Court or the parties' time.

16        THE COURT:  All right.  I'll accept that as what you

17   have indicated and not ask anything further of it, but I think

18   I have to, out of a matter of courtesy if nothing else, at

19   least say to Mr. Baldwin, is there anything you want to say

20   in response to what has just been said?

21        MR. BALDWIN:  No, other than I deal a lot with

22   documents in various cases.  We have Ms. Low on the phone,

23   who's one of the foremost experts in the AML, the compliance

24   area, and I don't have the concerns that Mr. Miller has.

25   And I think this is being used for other purposes, and so

1    I don't want to elongate the discussion to give it more

2    credence than it deserves.

3              THE COURT:  All right.  With that, I thank you all.

4    I thank Mr. Pienaar for appearing here as I instructed, and

5    I wish you all well.  But I think this case is concluded, and

6    I will be closing it out on that basis.  All the best to all

7    of you.

8              MR. MILLER:  Thank you, Your Honor.

9              THE COURT:  Good day.

10             THE DEPUTY CLERK:  This honorable court stands in

11   recess until return of court.  Good day, everybody.

12        (Proceedings adjourned at 10:11 a.m.)

13

14

15

16

17

18

19

20

21

22

23

24

25

\* \* \* \* \* \*

CERTIFICATE

I, BRYAN A. WAYNE, Official Court Reporter, certify that the foregoing pages are a correct transcript from the record of proceedings in the above-entitled matter.

*/s/ Bryan A. Wayne*
Bryan A. Wayne